**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

XUCHANG YINREN TECHNOLOGY CO., LTD.

Plaintiff,

v.

Case No.: 1:26−cv−10328
Honorable Thomas M. Durkin

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, September 8, 2026:

MINUTE entry before the Honorable Thomas M. Durkin: The Court requires that any motion for a temporary restraining order and/or asset freeze is accompanied by a declaration from an attorney of record that provides the following information. First, to demonstrate the immediate harm necessary to grant the drastic remedy of an ex parte temporary restraining order, the declaration must confirm that each named defendant has sold or offered to sell the allegedly infringing product(s) within the last two months and describe the evidence supporting this confirmation. Generally, evidence that a defendant has sold or offered to sell the infringing products within the last two months may include: (1) screenshots of the listings collected within the last two months; (2) screenshots older than two months with an attestation that the listings reflected in the screenshots have been checked within the last two months and were active; or (3) evidence of a purchase by a customer in Illinois within the last two months. Second, as relevant to personal jurisdiction, without which any temporary restraining order or asset freeze would be invalid, the declaration must confirm that each named defendant sold at least one allegedly infringing product to a customer in Illinois and describe the evidence supporting this confirmation. Here, "sold" means that the defendant accepted an order and payment for an allegedly infringing product to be shipped to Illinois. Third, to assure that Court that the rights of defendants who have not yet been served are being appropriately protected, the declaration must identify the case number(s) and assigned judge(s) for any pending case(s) brought by the plaintiff(s) against any of the named defendants, noting whether the intellectual property at issue was the same or different than in this case. If it is the same, the declaration should describe the disposition of the other case. The Court will address any motion for a temporary restraining order only after receipt of the described declaration, which can be filed contemporaneously with the motion.

Additionally, to the extent Plaintiff also makes a motion for expedited discovery or for an order permitting electronic service of process, Plaintiff should submit a proposed order for that relief that is separate from the proposed order for the TRO and asset restraint. The proposed order for the TRO and asset restraint should name the relevant defendants

directly in the order, without reference to Schedule A. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.