IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD., | ) | |
| | ) | Case No. 1:26-cv-10328 |
| Plaintiff, | ) | |
| | ) | Honorable Thomas M. Durkin |
| v. | ) | |
| | ) | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |

**SUNNY BEAUTY'S EXPEDITED MOTION TO UNSEAL**

Weihai Senlian Trading Co., Ltd., d/b/a Sunny Beauty ("Sunny Beauty"), moves to unseal this case. Sunny Beauty is already challenging Plaintiff's SUNNY HAIR registration in a pending cancellation proceeding before the Trademark Trial and Appeal Board ("TTAB"). Plaintiff and its counsel knew Sunny Beauty and its claim to prior rights before bringing this action. Ex. A at 2–5.

**I. Plaintiff already knew Sunny Beauty from the pending cancellation proceeding.**

The parties are litigating over the same mark in TTAB Cancellation No. 92092253. On August 13, 2026, Plaintiff's counsel here, Zheng Liu, filed a motion opposing cancellation of SUNNY HAIR Registration No. 8,311,515. His motion expressly identifies "Sunny Beauty" and disputes its asserted use since 2016. Ex. A at 2–5. Plaintiff then filed this action on August 27, asserting that same registration. ECF No. 1 ¶ 5. The cancellation remains pending; on September 14, the TTAB accepted the amended petition and set a new response deadline. Ex. A at 6–7.

Sunny Beauty was therefore a known adversary, not an unidentified seller. Yet Plaintiff's public TRO memorandum describes sellers concealing their identities and asserts unequivocal evidence of counterfeiting without disclosing the pending cancellation. ECF No. 13 at 4, 19. That

existing dispute is important context for the ex parte request. Whether Plaintiff disclosed it in the sealed submissions cannot be determined from the public record. Unsealing will permit scrutiny of the account Plaintiff presented to obtain relief without notice.

The need for access is immediate. Amazon's report shows removal of multiple Sunny Beauty listings bearing SUNNY HAIR on September 10 for "Ongoing Litigation," one day after the Court granted the TRO. Ex. B at 2–4; ECF Nos. 19–20. The timing and mark strongly suggest this action caused the removals, although the report does not identify a case number. Counsel has not received Schedule A, the TRO, or the sealed evidence. Solter Decl. ¶¶ 3, 6.

**II. The trademark is already public, and the stated basis for secrecy was temporary.**

Plaintiff publicly identified SUNNY HAIR and Registration No. 8,311,515 in the complaint and its notice of trademark claims; the public TRO memorandum also names the mark. ECF No. 1 ¶ 5; ECF No. 7 at 2; ECF No. 13 at 3. The complaint even alleges that sellers use online forums and websites to discuss pending and potential lawsuits. ECF No. 1 ¶ 22. To the extent sealing is intended to prevent docket-monitoring websites from alerting sellers that SUNNY HAIR is being asserted, Plaintiff's own public filings already supply that information. Keeping the TRO and supporting evidence sealed cannot make the trademark secret again.

Plaintiff's sealing motion invoked the need to prevent advance notice before execution of the TRO, not permanent confidentiality. It promised: "Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents." ECF No. 4 at 2. The reported takedowns indicate implementation as to Sunny Beauty if this action caused them. Sunny Beauty already knows of the action and is seeking access through counsel. A generalized concern about advance warning no longer explains withholding the record from it.

Judicial records underlying a decision are presumptively public; continued secrecy requires a specific, legitimate justification. *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545–47 (7th Cir. 2002). These materials concern an entered TRO, not unfiled discovery. The public-access grounds for unsealing do not turn on whether Sunny Beauty appears on Schedule A.

Counsel requested the sealed materials and offered to confer on September 16. His September 18 telephone attempt reached a recording that the number does not accept calls. No response or position on this request has been received. Solter Decl. ¶¶ 4–6. Sunny Beauty requests expedited consideration; if briefing is needed, it proposes a response within one business day.

Sunny Beauty requests that the Court unseal this case, including all sealed docket entries and attachments, specifically ECF Nos. 2, 3, 16 and its attachments, 18, and 20. To the extent necessary under Local Rule 5.6, Sunny Beauty requests approval of this submission.

Dated: September 21, 2026

Respectfully submitted,
/s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
Direct: (781) 752-6369
Office: (858) 338-3383

bsolter@cbcounselor.com
Counsel for Sunny Beauty