# Exhibit A

*Trademark Trial and Appeal Board Electronic Filing System. https://estta.uspto.gov*

| | |
|---|---|
| ESTTA Tracking number: | **ESTTA1573794** |
| Filing date: | **08/13/2026** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| Proceeding no. | 92092253 |
| Party | Defendant<br>XUCHANG YINREN TECHNOLOGY CO., LTD. |
| Correspondence address | XUCHANG YINREN TECHNOLOGY CO., LTD.<br>NO. 4, WEST OF BUILDING 2, EAST OF BUILDING 3, XINTIANDILIDUYUAN, WENCUI STREET, WEIDU DISTRICT<br>XUCHANG CITY, HENAN PROVINCE, 461000<br>CHINA<br>Primary email: 2468265996@qq.com<br>No phone number provided |
| Submission | Pleadings and Related Motions<br>Motion to Dismiss - Rule 12(b) |
| Filer's name | Zheng Liu |
| Filer's email | andy.liu@aptumlaw.us, bee504777@gmail.com, robert@apmalaw.com |
| Signature | /Zheng Liu/ |
| Date | 08/13/2026 |
| Attachments | Mot to Dismiss - Cancellation 92092253.pdf(3074765 bytes ) |

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

| | | |
|---|---|---|
| In re Trademark Registration No. 8311515 | ) | |
| Mark: SUNNY HAIR | ) | |
| Registered: June 23, 2026 | ) | |
| | ) | |
| WEIHAI SENLIAN TRADING CO., LTD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cancellation No. 92092253 |
| | ) | |
| XUCHANG YINREN TECHNOLOGY CO., LTD., | ) | |
| Registrant. | ) | |

**REGISTRANT'S PARTIAL MOTION TO DISMISS UNDER RULE 12(B)(6) AND MOTION TO STRIKE, WITH ACCOMPANYING REQUEST FOR JUDICIAL NOTICE**

## I. INTRODUCTION

Registrant Xuchang Yinren Technology Co., Ltd. respectfully moves to dismiss Count One of the Petition for Cancellation for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and to strike the Petition's foreign use and foreign registration allegations, Fed. R. Civ. P. 12(f).

Count One rests entirely on Petitioner's claimed common law rights in the unregistered designation "SUNNY HAIR." To assert priority based on an unregistered designation, Petitioner must plead facts establishing proprietary rights in a designation that is distinctive of Petitioner's goods. The Petition contains no such allegations. Instead, the Petition itself

## IV. DISCUSSION

**a. Count One: Priority And Likelihood Of Confusion Based On Alleged Common Law Rights In "SUNNY HAIR" Is Not Plausibly Pled.**

To establish priority under Section 2(d), a petitioner must prove proprietary rights in the term it asserts. *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1162 (Fed. Cir. 2002) (proprietary rights may arise from prior registration, prior trademark use, trade name use, use analogous to trademark use, or other use sufficient to establish proprietary rights). Where the asserted rights are in an unregistered designation, no proprietary rights exist unless the designation is distinctive of the petitioner's goods, inherently or through acquired distinctiveness. *Towers v. Advent Software, Inc.*, 913 F.2d 942, 945 (Fed. Cir. 1990); *Otto Roth & Co. v. Universal Foods Corp.*, 640 F.2d 1317 (CCPA 1981). A petition must allege facts that, if proved, would establish these elements. TBMP § 503.02; *Iqbal*, 556 U.S. at 678.

Count One does not allege that Petitioner's claimed designation is distinctive. The entirety of Petitioner's common law claim is the single allegation that Petitioner "has continuously used the SUNNY HAIR mark in U.S. commerce in connection with its products through its official website, sunnyextensions.com, and Amazon since at least November 3, 2016." Petition, paragraph 10. There is no allegation that the designation is inherently distinctive. There is no allegation of acquired distinctiveness or secondary meaning. There are no pleaded facts about advertising expenditures, sales volumes, consumer recognition, or anything else from which acquired distinctiveness before Registrant's August 18, 2025 first

use date, or its October 30, 2025 filing date, could plausibly be inferred. That is precisely the kind of "threadbare recital" that *Iqbal* holds insufficient.

The deficiency is exacerbated by Petitioner's own allegations. Paragraph 17 alleges that "HAIR" is "merely descriptive of the goods covered (i.e., wigs, hair extensions, and other hair products) and lacks inherent distinctiveness, and therefore cannot serve as the primary source-identifying feature of the mark." Having alleged that a component of its claimed designation is merely descriptive, Petitioner was obligated to plead facts establishing the distinctiveness of the designation it actually claims. It did not do so.

Petitioner's own exhibits confirm the implausibility of Count One. Under Fed. R. Civ. P. 10(c) the exhibits are part of the pleading, and they show: (1) the goods are branded "VeSunny," with the Amazon product description pages announcing "Welcome to VeSunny Real Hair Extensions" and "Ve Sunny, Always Together with You"; (2) the words "sunny hair" appear within listing title strings, alongside shade and product wording such as "Dark Golden Blonde Highlights Light Blonde," rather than as a standalone brand; (3) the Seller Central order histories attached to the Petition begin in July 2025, nearly nine years after the alleged first use date; and (4) the listings identify the seller as "Sunny Beauty" and the manufacturer as "Weihai senlian international [sic] trade co.,ltd," not Petitioner Weihai Senlian Trading Co., Ltd. Nothing in the pleading connects the alleged use to Petitioner as a source-identifying, distinctive mark.

**THIS ORDER IS NOT A PRECEDENT OF THE TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

am/RK

September 14, 2026

Cancellation No. **92092253**

*Weihai Senlian Trading Co., Ltd*[1]

*v.*

*Xuchang Yinren Technology Co., Ltd.*[2]

**Yong Oh (Richard) Kim, Interlocutory Attorney:**

Under the schedule in the notice of institution, Respondent was allowed until September 13, 2026, to answer the petition for cancellation.[3] On August 13, 2026, Respondent, in lieu of an answer, moved to dismiss the petition under Fed. R. Civ. P. 12(b)(6).[4] On September 3, 2026, Petitioner filed an amended petition for cancellation.[5]

Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course within 21 days of serving it or, if the pleading is one to which a responsive pleading is required, as is the case here, within 21 days after service of either a

---

[1] Petitioner's power of attorney appointing new counsel (6 TTABVUE) and change of correspondence address (8 TTABVUE) have been noted and entered into the proceeding file.

[2] Respondent's change of correspondence address (5 TTABVUE) has been noted and entered into the proceeding file.

[3] 2 TTABVUE 3.

[4] 4 TTABVUE.

[5] 7 TTABVUE.

responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Since the amended petition was filed within 21 days of Respondent's motion under Fed. R. Civ. P. 12(b), it is timely and **ACCEPTED** as a matter of course as the operative pleading herein. In view thereof, Respondent's motion to dismiss is **MOOT** and will be given no further consideration.

Respondent is allowed until **OCTOBER 13, 2026**, to answer the amended petition for cancellation or to move in regard thereto. Dates are **RESET** as follows:

| | |
|---|---|
| Time to Answer | **10/13/2026** |
| Deadline for Discovery Conference | **11/12/2026** |
| Discovery Opens | **11/12/2026** |
| Initial Disclosures Due | **12/12/2026** |
| Expert Disclosures Due | **4/11/2027** |
| Discovery Closes | **5/11/2027** |
| Plaintiff's Pretrial Disclosures Due | **6/25/2027** |
| Plaintiff's 30-day Trial Period Ends | **8/9/2027** |
| Defendant's Pretrial Disclosures Due | **8/24/2027** |
| Defendant's 30-day Trial Period Ends | **10/8/2027** |
| Plaintiff's Rebuttal Disclosures Due | **10/23/2027** |
| Plaintiff's 15-day Rebuttal Period Ends | **11/22/2027** |
| Plaintiff's Opening Brief Due | **1/21/2028** |
| Defendant's Brief Due | **2/20/2028** |
| Plaintiff's Reply Brief Due | **3/6/2028** |
| Request for Oral Hearing (optional) Due | **3/16/2028** |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for