# Exhibit A

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

| | | |
|---|---|---|
| In re Trademark Registration No. 8311515 | ) | |
| Mark: SUNNY HAIR | ) | |
| Registered: June 23, 2026 | ) | |
| | ) | |
| WEIHAI SENLIAN TRADING CO., LTD, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cancellation No. 92092253 |
| | ) | |
| XUCHANG YINREN TECHNOLOGY CO., LTD., | ) | |
| Registrant. | ) | |

**REGISTRANT'S PARTIAL MOTION TO DISMISS UNDER RULE 12(B)(6) AND MOTION TO STRIKE, WITH ACCOMPANYING REQUEST FOR JUDICIAL NOTICE**

## I. INTRODUCTION

Registrant Xuchang Yinren Technology Co., Ltd. respectfully moves to dismiss Count One of the Petition for Cancellation for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and to strike the Petition's foreign use and foreign registration allegations, Fed. R. Civ. P. 12(f).

Count One rests entirely on Petitioner's claimed common law rights in the unregistered designation "SUNNY HAIR." To assert priority based on an unregistered designation, Petitioner must plead facts establishing proprietary rights in a designation that is distinctive of Petitioner's goods. The Petition contains no such allegations. Instead, the Petition itself

## IV. DISCUSSION

### a. Count One: Priority And Likelihood Of Confusion Based On Alleged Common Law Rights In "SUNNY HAIR" Is Not Plausibly Pled.

To establish priority under Section 2(d), a petitioner must prove proprietary rights in the term it asserts. *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1162 (Fed. Cir. 2002) (proprietary rights may arise from prior registration, prior trademark use, trade name use, use analogous to trademark use, or other use sufficient to establish proprietary rights). Where the asserted rights are in an unregistered designation, no proprietary rights exist unless the designation is distinctive of the petitioner's goods, inherently or through acquired distinctiveness. *Towers v. Advent Software, Inc.*, 913 F.2d 942, 945 (Fed. Cir. 1990); *Otto Roth & Co. v. Universal Foods Corp.*, 640 F.2d 1317 (CCPA 1981). A petition must allege facts that, if proved, would establish these elements. TBMP § 503.02; *Iqbal*, 556 U.S. at 678.

Count One does not allege that Petitioner's claimed designation is distinctive. The entirety of Petitioner's common law claim is the single allegation that Petitioner "has continuously used the SUNNY HAIR mark in U.S. commerce in connection with its products through its official website, sunnyextensions.com, and Amazon since at least November 3, 2016." Petition, paragraph 10. There is no allegation that the designation is inherently distinctive. There is no allegation of acquired distinctiveness or secondary meaning. There are no pleaded facts about advertising expenditures, sales volumes, consumer recognition, or anything else from which acquired distinctiveness before Registrant's August 18, 2025 first

use date, or its October 30, 2025 filing date, could plausibly be inferred. That is precisely the kind of "threadbare recital" that *Iqbal* holds insufficient.

The deficiency is exacerbated by Petitioner's own allegations. Paragraph 17 alleges that "HAIR" is "merely descriptive of the goods covered (i.e., wigs, hair extensions, and other hair products) and lacks inherent distinctiveness, and therefore cannot serve as the primary source-identifying feature of the mark." Having alleged that a component of its claimed designation is merely descriptive, Petitioner was obligated to plead facts establishing the distinctiveness of the designation it actually claims. It did not do so.

Petitioner's own exhibits confirm the implausibility of Count One. Under Fed. R. Civ. P. 10(c) the exhibits are part of the pleading, and they show: (1) the goods are branded "VeSunny," with the Amazon product description pages announcing "Welcome to VeSunny Real Hair Extensions" and "Ve Sunny, Always Together with You"; (2) the words "sunny hair" appear within listing title strings, alongside shade and product wording such as "Dark Golden Blonde Highlights Light Blonde," rather than as a standalone brand; (3) the Seller Central order histories attached to the Petition begin in July 2025, nearly nine years after the alleged first use date; and (4) the listings identify the seller as "Sunny Beauty" and the manufacturer as "Weihai senlian interational [sic] trade co.,ltd," not Petitioner Weihai Senlian Trading Co., Ltd. Nothing in the pleading connects the alleged use to Petitioner as a source-identifying, distinctive mark.

without leave to amend, strike the foreign use and foreign registration allegations (Petition paragraphs 2 and 3 and Exhibit 2), and suspend the proceeding pending disposition of this motion pursuant to Trademark Rule 2.127(d). Registrant will answer Count Two following the Board's decision.

August 13, 2026

Respectfully submitted,

By: /Zheng Liu/
Zheng Liu
Email: andy.liu@aptumlaw.us
Attorneys for Registrant

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

| | |
|---|---|
| Weihai Senlian Trading Co., Ltd, | Cancellation No.: 92092253 |
| Petitioner, | Mark: SUNNY HAIR |
| v. | Registration No.: 8311515 |
| Xuchang Yinren Technology Co., Ltd., | Registered: Jun. 23, 2026 |
| Registrant. | |

## PETITIONER'S AMENDED PETITION FOR CANCELLATION

Petitioner Weihai Senlian Trading Co., Ltd ("Petitioner") submits this Amended Petition for Cancellation as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) and TBMP § 507.02, made applicable to this proceeding by 37 C.F.R. § 2.115, filed within twenty-one (21) days of service of Registrant's Partial Motion to Dismiss Under Rule 12(b)(6) and Motion to Strike ("Motion to Dismiss"). This Amended Petition is filed as a matter of course and is not accompanied by a motion for leave to amend. This Amended Petition supersedes the original Petition for Cancellation in its entirety and moots the Motion to Dismiss. Petitioner believes that it is, and will continue to be, damaged by the existing registration of the SUNNY HAIR standard character mark (U.S. Registration No. 8311515) ("Registrant's Mark"), and hereby petitions for cancellation pursuant to 15 U.S.C. § 1064. As grounds for this Amended Petition for Cancellation, Petitioner respectfully submits:

1. Petitioner, Weihai Senlian Trading Co., Ltd ("Petitioner"), is a limited company of China, having an address at Room 406, 3-4 Shichang Avenue, Huancui District, Weihai City, Shandong Province, China 264200.
2. Petitioner is an established wigs and hair-extensions company that has continuously sold products bearing the mark SUNNY HAIR in United States commerce, including via Amazon.com, since at least 2016.

11. Petitioner's supplemental Amazon order history was obtained through Amazon's official Archived Order Reports function, which, per Amazon's own platform documentation, is the mechanism through which orders older than two years may be retrieved, and which generates order data one calendar month at a time upon request. Using this function, Petitioner obtained monthly order reports, on a store-wide basis from Petitioner's Amazon seller account, for numerous months spanning from 2016 to 2024, and filtered the resulting records by the product-name identifier "Sunny Hair," further corroborating continuous sales of SUNNY HAIR-branded products across Petitioner's Amazon listings in United States commerce throughout that period. A representative excerpt of this order history, reflecting sales recorded in November 2016, is attached as Exhibit 2. By contrast, Amazon's "Manage Orders" interface retains and displays only the preceding two years of order records for a given listing; a representative excerpt reflecting order records for ASIN B01IAYIJCI in October 2024 is attached as Exhibit 3.

12. Petitioner's Amazon seller account is registered under the account nickname “Sunny Hair Beauty” as displayed on Petitioner's Seller Central dashboard, and operates a customer-facing storefront publicly displayed under the name “Sunny Beauty” (see, e.g., the “Sold by: Sunny Beauty” designation appearing on Petitioner's product listing pages). Both designations refer to the same Amazon seller account, which is owned and operated by Petitioner, as independently corroborated by Petitioner's official Chinese business registration records, third-party corporate database records, and Amazon's own seller verification records, all reflecting the same unified social credit code for Petitioner. See Exhibit 4. The “Manufacturer” field for certain of Petitioner's Amazon listings previously displayed an informal English-language rendering of Petitioner's corporate name (“Weihai senlian international trade co., ltd”) rather than Petitioner's formally registered corporate name; this was not a reference to any different or unrelated entity, and Petitioner has since corrected this field to display its formal name, Weihai Senlian Trading Co., Ltd.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing PETITIONER'S AMENDED PETITION FOR CANCELLATION is being served upon Registrant by emailing a true copy thereof to:

ZHENG LIU

750 ALMA LN, STE 8244

FOSTER CITY, CA 94404

UNITED STATES

andy.liu@aptumlaw.us, bjliuzheng@gmail.com

Phone: 650-475-6289

Dated: September 2, 2026

By: / Kenneth Michael Cochran /

**THIS ORDER IS NOT A PRECEDENT OF THE TTAB**

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

am/RK

September 14, 2026

Cancellation No. **92092253**

*Weihai Senlian Trading Co., Ltd*[1]

*v.*

*Xuchang Yinren Technology Co., Ltd.*[2]

**Yong Oh (Richard) Kim, Interlocutory Attorney:**

Under the schedule in the notice of institution, Respondent was allowed until September 13, 2026, to answer the petition for cancellation.[3] On August 13, 2026, Respondent, in lieu of an answer, moved to dismiss the petition under Fed. R. Civ. P. 12(b)(6).[4] On September 3, 2026, Petitioner filed an amended petition for cancellation.[5]

Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course within 21 days of serving it or, if the pleading is one to which a responsive pleading is required, as is the case here, within 21 days after service of either a

[1] Petitioner's power of attorney appointing new counsel (6 TTABVUE) and change of correspondence address (8 TTABVUE) have been noted and entered into the proceeding file.

[2] Respondent's change of correspondence address (5 TTABVUE) has been noted and entered into the proceeding file.

[3] 2 TTABVUE 3.

[4] 4 TTABVUE.

[5] 7 TTABVUE.

responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Since the amended petition was filed within 21 days of Respondent's motion under Fed. R. Civ. P. 12(b), it is timely and **ACCEPTED** as a matter of course as the operative pleading herein. In view thereof, Respondent's motion to dismiss is **MOOT** and will be given no further consideration.

Respondent is allowed until **OCTOBER 13, 2026**, to answer the amended petition for cancellation or to move in regard thereto. Dates are **RESET** as follows:

| | |
|---|---|
| Time to Answer | **10/13/2026** |
| Deadline for Discovery Conference | **11/12/2026** |
| Discovery Opens | **11/12/2026** |
| Initial Disclosures Due | **12/12/2026** |
| Expert Disclosures Due | **4/11/2027** |
| Discovery Closes | **5/11/2027** |
| Plaintiff's Pretrial Disclosures Due | **6/25/2027** |
| Plaintiff's 30-day Trial Period Ends | **8/9/2027** |
| Defendant's Pretrial Disclosures Due | **8/24/2027** |
| Defendant's 30-day Trial Period Ends | **10/8/2027** |
| Plaintiff's Rebuttal Disclosures Due | **10/23/2027** |
| Plaintiff's 15-day Rebuttal Period Ends | **11/22/2027** |
| Plaintiff's Opening Brief Due | **1/21/2028** |
| Defendant's Brief Due | **2/20/2028** |
| Plaintiff's Reply Brief Due | **3/6/2028** |
| Request for Oral Hearing (optional) Due | **3/16/2028** |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125. These include pretrial disclosures, matters in evidence, the manner and timing of taking testimony, and the procedures for