**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:26-cv-10328<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Laura K. McNally**<br><br>**FILED UNDER SEAL** |

**PLAINTIFF'S MOTION FOR AN AMENDED TEMPORARY RESTRAINING**
**<u>ORDER WITH ADDITIONAL RESTRAINED PRODUCT LINKS</u>**

Defendant has gone to great lengths to blatantly disregard this Court's Temporary Restraining Order ("TRO") [Dkt. 20] by adopting measures designed to evade the TRO and continue its counterfeiting activities.

Specifically, Defendant [redacted] ([redacted]") is now selling the exact same products restrained by the TRO through different product links, identified by Amazon Standard Identification Numbers ("ASINs") that are not listed in the TRO (the "New ASINs"). *See* Supplemental Declaration of Pengfei Xia ["Supp. Xia Decl."] ¶¶ 5–6, 10. The TRO restrained Defendant from selling the accused products listed under twenty-one (21) ASINs (the "Restrained ASINs"). *Id.* ¶ 4. Between

September 9 and September 21, 2026, Plaintiff's General Manager reviewed the product pages of twelve (12) New ASINs through which Defendant continues to sell those same products. *Id.* ¶¶ 5–6. Each Restrained ASIN corresponds to a New ASIN, as listed below. Several New ASINs correspond to more than one Restrained ASIN; New ASIN [redacted] alone corresponds to eight (8) Restrained ASINs. *Id.* ¶ 7.

| No. | Restrained ASIN | New ASIN |
|---|---|---|
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |
| [redacted] | [redacted] | [redacted] |

Each New ASIN product page identifies "[redacted]" as the seller and displays Plaintiff's registered [redacted] mark at the beginning of the product title.

*Id.* ¶ 8. Screenshots captured on September 21, 2026 show, for each Restrained ASIN, the product page displayed when the Restrained ASIN is visited, followed by the product page of the corresponding New ASIN. *Id.* ¶ 9, **Ex. A**.

Plaintiff continues to suffer immediate and irreparable harm from Defendant's sale of infringing products, including damage to Plaintiff's goodwill and reputation, loss of control over the quality of goods sold under the Trademark-in-Suit, and lost sales, as Defendant uses the New ASINs to sell the very products this Court ordered it to stop selling. *See* Supp. Xia Decl. ¶ 11; *see also* Declaration of Pengfei Xia [Dkt. 14] ¶¶ 22–26.

Furthermore, Defendant's act of selling restrained products through new product links, as a workaround to the TRO, is the very definition of willful infringement and outright contempt of this Court's order.

This Court has ample authority to amend the TRO to address Defendant's circumvention. "[A] sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *Sys. Fed'n No. 91, Ry. Emps.' Dep't v. Wright*, 364 U.S. 642, 647 (1961). The Lanham Act likewise authorizes the Court to grant injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable." 15 U.S.C. § 1116(a). And Rule 65 requires that

every restraining order "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained." Fed. R. Civ. P. 65(d)(1)(B)–(C).

Defendant's sales through the New ASINs already fall within the TRO, which enjoins Defendant from using the Trademark-in-Suit "in any manner" in connection with the sale of any product that is not a genuine [redacted] product. [Dkt. 20] ¶ 1(a). Each New ASIN product page displays the [redacted] mark at the beginning of the product title. *See* Supp. Xia Decl. ¶ 8. But Amazon identifies each product listing by its ASIN, and the New ASINs are not listed in Schedule A to the TRO. *Id.* ¶ 10. Adding the New ASINs to Schedule A will give the Third-Party Providers, including Amazon.com, Inc., the specificity they need to carry out the TRO as the Court intended.

Plaintiff does not seek new or broader relief. The Court has already found that Plaintiff satisfied the requirements for a temporary restraining order [Dkt. 20]. The New ASINs are used by the same Defendant to sell the same products under the same Trademark-in-Suit, Supp. Xia Decl. ¶¶ 6–8, so the Court's prior findings on likelihood of success, irreparable harm, the balance of harms, and the public interest apply equally to them.

In sum, Plaintiff's irreparable harm has not been cured because of Defendant's outrageous efforts to circumvent the TRO. Plaintiff therefore respectfully requests that this Court issue an Amended Temporary Restraining Order adding the twelve (12) New

ASINs identified above and in Paragraph 7 of the Supplemental Declaration of Pengfei Xia to Schedule A.

Dated: September 23, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA Bar No. 279327)
***Aptum Law***
1660 S. Amphlett Blvd., Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*