**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:26-cv-10328<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Laura K. McNally<br><br>FILED UNDER SEAL |

**PLAINTIFF'S OPPOSITION TO SUNNY BEAUTY'S EXPEDITED MOTION TO UNSEAL [DKT. 23]**

Weihai Senlian Trading Co., Ltd., d/b/a Sunny Beauty ("Sunny Beauty") asks the Court to unseal this case on the premise that the TRO has been carried out and the reason for sealing has run its course. Neither is true. After the Court entered the TRO and Amazon took down the restrained listings, at least one defendant who was previously restrained has already relisted the same accused products for sale under new ASINs that the TRO does not list.

On September 23, Plaintiff moved for an Amended TRO adding those ASINs. Dkt. 26. The TRO has not been fully implemented, and the conduct that made sealing necessary persists. The Court should thus deny the motion, or at minimum defer it until

the Amended TRO is entered and implemented, at which point Plaintiff will move to unseal, as it committed to do. Dkt. 4 at 2.

## I. BACKGROUND

On September 9, 2026, the Court entered a TRO restraining certain defendants from selling the accused products listed under certain ASINs (the "Restrained ASINs"). Dkt. 20; Decl. of Pengfei Xia in Supp. of Mot. for Am. TRO ("Supp. Xia Decl.") [Dkt. 26-1] ¶ 4. Plaintiff sought leave to file under seal to prevent advance notice before the TRO could be executed, and represented that it would move to unseal "[o]nce the temporary restraining order has been served on the relevant parties *and the requested actions are taken*." Dkt. 4 at 2.

Sunny Beauty's own motion claims that Amazon removed its listings on September 10, the day after the TRO issued.[1] Dkt. 23 at 2. Sunny Beauty, however, did not stop selling. After the TRO was entered, a cursory reveal shows that Sunny Beauty relisted numerous of its products under new ASINs (the "New ASINs").

Every delisted ASIN of Sunny Beauty's now has a corresponding New ASIN, and a single New ASIN absorbs eight of them. Dkt. 26 at 2. Each New ASIN identifies the same seller and places Plaintiff's registered mark at the beginning of the product title. *Id.* ¶ 8. Side-by-side screenshots captured September 21 show each Restrained ASIN and the

[1]Sunny Beauty cites a Seller Central report as "Ex. B at 2–4." Dkt. 23 at 2; Solter Decl. ¶ 3. The document filed as Exhibit B is not that report. It is a second set of TTAB materials, including Weihai Senlian's amended petition. Dkt. 23-3. The only evidence of the removals on the docket is counsel's description of it.

New ASIN that replaced it. *Id.* ¶ 9, Ex. A. None of the New ASINs is listed in Schedule A. Supp. Xia Decl. ¶ 10. Plaintiff moved for an Amended TRO adding them on September 23. Dkt. 26.

## II. DISCUSSION

### A. The Specific Reason for Sealing Has Not Lapsed.

The public's right of access to judicial records is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Sealing requires good cause and a specific justification, which the Court must find rather than accept on a party's say-so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545–46, 548 (7th Cir. 2002).

Here, the justification for sealing remains today: Sunny Beauty simply relists delisted products under new ASINs. Sunny Beauty argues that sealing rested on a "generalized concern about advance warning" that no longer applies. Dkt. 23 at 2. Not so.

The concern is specific and pressing. The record shows exactly what happens when a seller learns which listings have been deactivated: it manufactures new ones. Supp. Xia Decl. ¶¶ 5–8. That is the harm sealing is meant to prevent, and it is occurring in real time. An *ex parte* TRO exists to preserve the status quo and prevent irreparable harm. *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The status quo

has not been preserved, and the Court should delay unsealing the case until it grants an amended TRO as requested. Dkt. 26.

Nor have the "requested actions" been "taken." Dkt. 4 at 2. The TRO has been circumvented, not executed. Plaintiff's commitment to unseal was tied to implementation, and implementation now requires the Amended TRO and Amazon's compliance with it. Plaintiff stands by that commitment. It asks only that unsealing follow implementation rather than precede it.

**B. The Public Trademark Is Not What Is Sealed.**

Sunny Beauty argues that because the SUNNY HAIR mark and registration number appear in public filings, sealing accomplishes nothing. Dkt. 23 at 2. That misidentifies what is sealed. The mark is public. What is not public is the list of restrained ASINs and seller accounts in Schedule A, the ASIN-by-ASIN evidence Plaintiff uses to trace relisted products, the New ASINs now pending in Dkt. 26, and the scope of relief the TRO grants. That is precisely the information a seller needs to stay one step ahead. A seller that knows which ASINs are restrained, and which new ones Plaintiff has identified, can relist again before Amazon acts on the Amended TRO and move funds before any restraint reaches them. Unsealing now would give the Defendant that roadmap while the Court is still deciding whether to extend relief to the listings it created to evade the first order.

**C. The Motion Seeks the Record for the Defendant's Use, Not the Public's.**

Courts may deny access where their files "might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598. Sunny Beauty invokes the public's interest, and it asks for the very materials that would let it identify what remains restrained and what Plaintiff has found. Dkt. 23 at 3. Sunny Beauty represents that it "cannot independently confirm whether Sunny Beauty is named." Solter Decl. [Dkt. 23-1] ¶ 6. Yet the same seller relisted the restrained products under new ASINs after its listings came down. Supp. Xia Decl. ¶¶ 5–8. The public interest is not best served by releasing the record first to the party circumventing the order.

Sunny Beauty is not without a remedy. If it is a restrained defendant and believes the TRO should not have been issued, Rule 65(b)(4) allows it to appear and move to dissolve or modify the order on two days' notice. Fed. R. Civ. P. 65(b)(4). Plaintiff will also serve the TRO, and the Amended TRO once entered, on the restrained Defendant. *See* Fed. R. Civ. P. 65(d)(2) (order binds parties who receive actual notice). What Sunny Beauty may not do is use a public-access motion to obtain the sealed record while circumventing the same order through dishonest conduct.

**D. The TTAB Proceeding Does Not Bear on Sealing.**

Most of the motion is devoted to the pending TTAB cancellation. Dkt. 23 at 1–2. That proceeding is public, and nothing about it requires unsealing this docket. Plaintiff's registration remains prima facie evidence of the mark's validity, Plaintiff's ownership,

and Plaintiff's exclusive right to use it in commerce on the goods specified in the registration. 15 U.S.C. §§ 1057(b), 1115(a). Neither provision conditions that effect on the absence of a pending cancellation petition. Any argument that the TTAB dispute undercuts the TRO goes to the merits, and belongs in a motion under Rule 65(b)(4), not a motion to unseal.

## III. CONCLUSION

Plaintiff respectfully requests that the Court deny Sunny Beauty's Expedited Motion to Unseal [Dkt. 23], or in the alternative, defer ruling until the Amended TRO [Dkt. 26] has been entered and implemented. Plaintiff will move to unseal the docket within 3 days after Amazon confirms implementation of the Amended TRO.

Dated: September 23, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA Bar No. 279327)
Aptum Law
1660 S. Amphlett Blvd., Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us

ATTORNEYS FOR PLAINTIFF