**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:26-cv-10328<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Laura K. McNally |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISSOLVE TRO**

## I. INTRODUCTION

"It is well established that, in general, a motion for a preliminary injunction should not be resolved on the basis of affidavits alone. Normally, an evidentiary hearing is required to decide credibility issues." *Swiderek v. Cont'l Micro, Inc.* (7th Cir. 1981) 680 F.2d 37.

Here, the Court should disregard Defendants' assertion and purported evidence of prior use: they are contradicted by Defendants' earlier statements made before the Trademark Board. Before this Court, Defendant Sunny Beauty claims that the sales

records show that it has used the Plaintiff's trademark since 2016; but before the Trademark Board, Defendant Sunny Beauty concedes that it had *doctored* these exact sales records to replace the name of a different company with its own name.

| ***Defendants' present assertions*** | ***Defendants' submissions to the Trademark Board*** |
|---|---|
| "An Amazon review dated March 24, 2017 identifies Sunny Hair [Weihai Senlian Trading Co., Ltd.] by name." | **Product details**<br>**Is Discontinued By Manufacturer :** No<br>**Product Dimensions :** 16 x 1 x 1 inches; 4.23 ounces<br>**Item model number :** CP_P16-22_16<br>**UPC :** 714890854697 732083216350<br>**Manufacturer :** Weihai senlian interational trade co.,ltd<br>**ASIN :** B01IAYIJCI<br>**Best Sellers Rank:** #4,643 in Beauty & Personal Care (See Top 100 in Beauty & Personal Care)<br>#13 in Hair Extensions |
| Defendant Weihai Senlian Trading Co., Ltd. and Defendant Union Smulf Inc. are different entities; and only Defendant Union Smulf Inc. operates the website sunnyextensions.com. | Petitioner [Weihai Senlian Trading Co., Ltd.] has continuously used the SUNNY HAIR mark in U.S. commerce in connection with its products ***through its official website, sunnyextensions.com….*** |

Next, Defendant Sunny Beauty's lack of credibility became more obvious when it also doctored countless Amazon ASINs to evade the Court's TRO and continue selling the products the Court had stopped.

"A federally registered trademark … is entitled to 'a strong presumption of validity.'" *Specialized Seating, Inc. v. Greenwich Indus., L.P.* (N.D.Ill. 2007) 472 F.Supp.2d 999 (citing Coca-Cola).

A single declaration fraught with contradictions and made by a declarant who cheated the Court's TRO two weeks ago cannot rebut the "strong presumption of validity" of Plaintiff's registered trademark. The Court should deny the motion to dissolve the TRO and enter a preliminary injunction against both Defendants.

## II. LEGAL STANDARD

"Registration under the Act affords the registrant a rebuttable presumption of validity: [A] mark registered on the principal register . . . shall be prima facie evidence of the validity of the registered mark . . . and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration subject to any conditions or limitations stated therein …." *CAE, Inc. v. Clean Air Eng'g, Inc*. (7th Cir. 2001) 267 F.3d 660 (citing 15 U.S.C. § 1115(a)).

"A federally registered trademark is prima facie evidence of the registrant's exclusive right to use that mark in commerce, 15 U.S.C. § 1115(a), and is entitled to 'a strong presumption of validity.'" *Specialized Seating, Inc. v. Greenwich Indus., L.P.* (N.D.Ill. 2007) 472 F.Supp.2d 999 (citing Coca-Cola).

## III. DISCUSSION

### A. Defendants Have Made Inconsistent Assertions About Their True Identities.

Defendants' allegations of Plaintiff not being candid to the Court are unwarranted. Defendants allege that Plaintiff knew about the identity of Defendant

Sunny Beauty from the Trademark Board proceedings and this case must have been built on fraud, and Plaintiff's counsel must have violated his duty of candor. Not so.

First, Defendants' ever-changing assertions hide the true corporate entities behind them. Before the Trademark Board, Defendant Sunny Beauty conceded that (1) it had "corrected" its sales records to replace the name of another company ("Weihai Senlian International Trade Co., Ltd.") and (2) that Defendant Union Smulf Inc. is the same entity as Weihai Senlian International Trade Co., Ltd., which owns the website www.sunnyextensions.com.

Here, Defendant Sunny Beauty claims that (i) it is the business alias of "Weihai Senlian Trading Co., Ltd.," that (ii) the sales records of the other company ("Weihai Senlian International Trade Co., Ltd.") are its own, and that (iii) Defendant Union Smulf Inc. independently operates the website www.sunnyextensions.com.

Defendants' past assertions (1)-(2) before the Trademark Board cannot be reconciled with their present assertions (i)-(iii) before this Court. Having told different stories at different times, Defendants are unable to keep a straight story about their true corporate identities.

Second, public records contradict Defendants' assertions of being the same entity. According to Defendant Sunny Beauty, Weihai Senlian Trading Co., Ltd. is the company that operates the Amazon store in question (Declaration of Yuanyuan Cui ¶ 1), and Defendant Union Smulf Inc. is the same entity as Weihai Senlian International

Trade Co., Ltd., which owns the website www.sunnyextensions.com (Request for judicial notice, Ex. D, ¶ 10).

Public records, however, show that Union Smulf Inc. is a California corporation headquartered in Chino, California operated by Mr. Honghua Han and Ms. Hanli (Request for judicial notice, Ex. B), while Weihai Senlian Trading Co., Ltd. is solely owned and operated by the declarant Ms. Yuanyuan Cui. (Request for judicial notice, Ex. A.) More conveniently, Ms. Yuanyuan Cui fails to disclose her sole ownership but implies that she was merely a regular employee. (Request for judicial notice, Ex. A.)

In sum, through inconsistent assertions before this Court and the Trademark Board, Defendants have concealed their true corporate entities. Blaming Plaintiff and its counsel for being unable to keep up with Defendants' ever-changing stories is simply unfair. Nefarious are Defendants' inconsistent assertions.

**B. Defendants' Cancellation Based On Priority Argument Is Unavailing Because Use Of A Trademark By A Different Entity Does Not Inure To Defendants.**

Within the Seventh Circuit, the right to an unregistered trademark—which is essentially "nationwide rights in the absence of registration"—requires "significant use" of the unregistered mark, far beyond "few sales." *ZAZU Designs*, 979 F.2d at 503. (["But use sufficient to register a mark that soon is widely distributed is not necessarily enough to acquire rights in the absence of registration."])

Besides the "significant use" requirement, a party in a trademark dispute can prevail under the doctrine of "priority of use" if the party demonstrates that ***it*** used the allegedly infringing mark first. *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 503 (7th Cir. 1992). One entity's use of an unregistered trademark does not inure to the benefit of another entity. In fact, even a parent corporation's use of a trademark does not inure to the benefit of a child company. *Noble House Home Furnishings, LLC v. Floorco Enters., LLC*, 2016 TTAB LEXIS 100.

Here, even assuming the authenticity of the screenshots Defendants provided, Defendants have failed to establish a significant prior use of an unregistered mark.

First, Declarant Ms. Cui's credibility is suspect: she fails to disclose that she is the sole owner of Defendant Sunny Beauty and is thus biased. Second, Ms. Cui's assertions are contradicted by Defendant Sunny Beauty's own concession before the Trademark Board. Namely, Defendant Sunny Beauty has "corrected" the very same sales records Ms. Cui now swears to show prior use—by removing the name of another company ("Weihai Senlian International Trade Co., Ltd.").

| ***Defendants' submissions to the Trademark Board*** | |
|---|---|
| ***Exhibit dated July 15, 2026, page 9***<br><br>(Request for judicial notice, Ex. C.) | **Product details**<br>**Is Discontinued By Manufacturer :** No<br>**Product Dimensions :** 16 x 1 x 1 inches; 4.23 ounces<br>**Item model number :** CP_P16-22_16<br>**UPC :** 714890854697 732083216350<br>**Manufacturer :** Weihai senlian interational trade co.,ltd<br>**ASIN :** B01IAYIJCI<br>**Best Sellers Rank:** #4,643 in Beauty & Personal Care (See Top 100 in Beauty & Personal Care)<br>#13 in Hair Extensions |

| | |
|---|---|
| Statements dated September 3, 2026<br><br>(Request for judicial notice, Ex. D.) | "Petitioner has since ***corrected*** this field to display its formal name, Weihai Senlian Trading Co., Ltd." (Emphasis added.) |

Third, it is indisputable that Defendant Sunny Beauty's purported prior-use argument is premised on the Amazon store operated by "Manufacturer: Weihai Senlian International Trade Co., Ltd."

Defendant Sunny Beauty, however, fails to clarify the relationship between "Manufacturer: Weihai Senlian International Trade Co., Ltd." and its claimed corporate identity "Weihai Senlian Trading Co., Ltd." For example, Defendant Sunny Beauty claims neither a parent-child corporate relationship, nor an affiliate relationship, nor a licensor-licensee relationship.

Rather, Declarant Ms. Cui asserts, without evidence, that her solely owned company (Defendant Sunny Beauty) can rely on the use by "Manufacturer: Weihai Senlian International Trade Co., Ltd." to claim priority over Plaintiff's registered trademark.

Further, even if Declarant Ms. Cui were to now assert a corporate relationship between (A) "Manufacturer: Weihai Senlian International Trade Co., Ltd." and (B) Defendant Sunny Beauty, such assertion would contradict Declarant Ms. Cui's own statement made under the penalty of perjury to the Trademark Office: there, Declarant

Ms. Cui stated that the use was solely by Defendant Sunny Beauty, a.k.a., "Weihai Senlian Trading Co., Ltd." Dkt. 34-7, pages 5-6. Declarant Ms. Cui was required to indicate so on her trademark application. "If the mark is not in fact being used by the applicant but is being used by one or more related companies whose use inures to the benefit of the applicant under section 5 of the Act, such facts must be indicated on the application." 37 C.F.R. § 2.38(b); *see also In re Application of Silenus Wines, Inc.*, 557 F.2d 806, 808 (C.C.P.A. 1977) ("Appellant is barred from claiming the benefits of the 'related company' doctrine, 15 U.S.C. s 1055 (1976), because he failed to claim them in his application." (citing 37 C.F.R. 2.38(b)); *see generally* 3 *McCarthy on Trademarks and Unfair Competition* § 18:51 at 18-112 & n.4.50 ("If one applies for federal registration based on use by an alleged 'related company', the applicant must set forth that fact." ) (citing T.M.R.P. § 2.38(b); 37 C.F.R. § 2.38(b); T.M.E.P. § 1201.03(a) (5th ed. 2008) ("If the mark is not being used by the applicant but is being used by one or more related companies whose use inures to the benefit of the applicant under § 5 of the Act, then these facts must be disclosed in the application.").

In sum, Defendant Sunny Beauty failed to make a prima facie case of its priority use of an unregistered trademark, let alone its entitlement to cancel Plaintiff's registered mark.

///

///

### C. Defendants' Earlier-Use Defense Fails Due To A Lack Of Not Only Significant Use But Also An Assignment.

Defendants' argument here is unintelligible. Defendants appear to argue that Plaintiff cannot enforce the registered trademark-in-suit against them, because they had used the "Sunny Hair" mark before Plaintiff's application for registration.

When a plaintiff has a federally registered trademark, a defendant who in good faith used the trademark continuously from a time prior to a plaintiff's application for registration may have rights to use that mark in the areas in which it had trademark rights prior to the plaintiff's registration application. 15 U.S.C. § 1115(b); *Safeway Stores, Inc. v. Safeway Quality Foods, Inc.*, 433 F.2d 99, 104 (7th Cir. 1970).

But this earlier-use right is limited: "[a] party can obtain the benefit of a third party's, earlier use of a mark but ***only if*** the earlier use qualifies as 'trademark use,' the mark has been used continuously and not abandoned, and the third party assigned the rights in the mark and the goodwill associated with that mark." *Pure Imagination, Inc. v. Pure Imagination Studios, Inc.* (N.D.Ill. Sep. 29, 2004, No. 03 C 6070) 2004 U.S.Dist.LEXIS 19838 (emphasis added) (citing *Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666 (7th Cir. 1982)).

Here, Plaintiff applied for registration of the "Sunny Hair" mark on October 30, 2025. Thus, under *Money Store*, to earn an earlier-use right against Plaintiff's registered trademark-in-suit, Defendants must prove that "Manufacturer: Weihai Senlian International Trade Co., Ltd." had continuously and significantly used the "Sunny

Hair" mark before October 30, 2025, and later assigned the "Sunny Hair" mark and the associated goodwill to Defendants.

Defendants proved none of these factors. First, it is undisputed that the earlier-use, if any, was done by "Manufacturer: Weihai Senlian International Trade Co., Ltd.," because "Manufacturer: Weihai Senlian International Trade Co., Ltd." was the entity specifically identified by Defendants as "Manufacturer" and owner of the Amazon Store Sunny Beauty.

Second, Defendants showed no significant earlier use. Exhibits B-C attached to Ms. Cui's declaration showed a sale of less than 10 items in 2024, within the United States. Although Ms. Cui claimed a sale of more than 200,000 items in 2024 and 2025, Ms. Cui produced no actual supporting records, claiming that her entire records are saved in a text file and cannot be "reproduced clearly." It begs the question how Ms. Cui conjured the exact sales number given the claimed great difficulty to reproduce them.

Third, Defendants' recent sales are irrelevant. The earlier-use right must derive from sales earlier than October 30, 2025, when Plaintiff applied for registration of the "Sunny Hair" mark. Thus, Ms. Cui's Exhibit E and statements about how many items Defendant Sunny Beauty purportedly sold in 2026 are simply irrelevant.

Fourth, Defendants failed to show an assignment. Here, Defendants failed to show an assignment from "Manufacturer: Weihai Senlian International Trade Co., Ltd." to them of the earlier-use rights.

In sum, Defendants' earlier-use defense fails due to a lack of not only significant use but also an assignment.

### D. Defendants' Source-Identifying Branding Argument Is Perplexing.

Here, Defendants appear to argue that Plaintiff has conceded its earlier-use rights, because one of Plaintiff's filings before the Trademark Board did not challenge their alleged earlier-use rights.

This is simply not the case. After Defendant Sunny Beauty petitioned to cancel the trademark-in-suit, Plaintiff moved to dismiss the petition on various grounds. Defendant Sunny Beauty amended its petition to cancel, and Plaintiff moved to dismiss the amended petition on several other grounds. Strategic motion practice does not result in any concession simply because a motion does not challenge all issues stated by an opposing party.

Further, Defendants' Source-Identifying Branding argument suffers from the same defect as their other arguments did. Even assuming that "Manufacturer: Weihai Senlian International Trade Co., Ltd." had earlier-used "Sunny Hair" mark without registration, that earlier use can benefit Defendants only if the Manufacturer: Weihai Senlian International Trade Co., Ltd.'s "earlier use qualifies as 'trademark use,' the

mark has been used continuously and not abandoned, and the third party assigned the rights in the mark and the goodwill associated with that mark." *Pure Imagination, Inc. v. Pure Imagination Studios, Inc.* (N.D.Ill. Sep. 29, 2004, No. 03 C 6070) 2004 U.S.Dist.LEXIS 19838 (emphasis added) (citing *Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666 (7th Cir. 1982)). As discussed above, Defendants failed to prove any of these only-if factors.

Defendants' Source-Identifying Branding Argument mischaracterizes Plaintiff's filing before the Trademark Board and fails to show earlier-use as explained above.

**E. The Additional ASINs Cannot Claim Any Earlier-Use Rights.**

Here, Defendants' argument is angry and illogical, because Defendants have to argue for and against a fact at the same time. Either Defendants created 21 ASINs to sell identical products to those the Court restrained under the original TRO, or the 21 ASINs are completely different products not subject to the TRO. One of them must be true, but both cannot be true.

If the ***former*** is true, Defendants essentially conceded that they have knowingly violated the Court's original TRO through such gimmicks as creating new ASINs to sell the same infringing product. If the ***latter*** is true, Defendants' alleged newly-listed products cannot enjoy any earlier-use rights, because these products must not have been sold before. Which is it? Defendants equivocated.

Defendants' argument that the 21 ASINs identified in the amended TRO enjoy the earlier-use right should thus be disregarded, because Defendants failed to provide a

simple explanation, let alone evidence, that the 21 ASINs could enjoy any earlier-use rights.

### F. Defendants' Lack Of Candor Argument Is Misplaced.

It is easier to accuse others of wrongdoing when one is caught red-handed. Here, realizing that they cannot explain how the 21 ASINs could enjoy earlier-use benefit without admitting to having violated the Court's original TRO, Defendants accused Plaintiff's counsel of misrepresentations.

Defendants failed to appreciate how much confusion their own efforts at telling different stories, at different times, before different tribunals can result.

As explained above, before the Trademark Board, Defendant Sunny Beauty conceded that (1) it had "corrected" its sales records to replace the name of another company ("Weihai Senlian International Trade Co., Ltd.") and (2) that Defendant Union Smulf Inc. is the same entity as Weihai Senlian International Trade Co., Ltd., which owns the website www.sunnyextensions.com.

Before this Court, Defendant Sunny Beauty now claims that (i) it is the business alias of "Weihai Senlian Trading Co., Ltd.," that (ii) the sales records of the other company ("Weihai Senlian International Trade Co., Ltd.") are its own, and that (iii) Defendant Union Smulf Inc. independently operates the website www.sunnyextensions.com.

Given Defendants' ever-changing stories about their true corporate identities, it is unfair to blame Plaintiff for not noticing the right corporate identity about this proceeding. It was simply impossible.

**G. Defendants Failed To Rebut The Presumption Of Irreparable Harm.**

Since Plaintiff has shown a likelihood of success on the merits, Plaintiff is entitled to a rebuttable presumption of irreparable harm. 15 U.S.C. § 1116(a) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding… of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order."). Moreover, the Seventh Circuit has "clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001) (citing *Eli Lilly & Co. v. Natural Answers, Inc*., 233 F.3d 456, 469 (7th Cir. 2000)). Irreparable injury "almost inevitably follows" when there is a high probability of confusion because such injury "may not be fully compensable in damages." *Helene Curtis Industries, Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1332 (7th Cir. 1977) (citation omitted). "The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d

1079, 1092 (7th Cir. 1988). As such, monetary damages are likely to be inadequate compensation. *Ideal Indus., Inc. v. Gardner Bender, Inc.*, 612 F.2d 1018, 1026 (7th Cir. 1979).

Here, Defendants' unauthorized use of Plaintiff's registered "Sunny Hair" mark has and continues to irreparably harm Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. (Declaration of Pengfei Xia, ¶ 10). The extent of the harm to Plaintiff's reputation and goodwill and the possible diversion of customers due to a loss in brand confidence, are both irreparable and incalculable, thus warranting an immediate halt to Defendants' infringing activities through injunctive relief. *See Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill was irreparable harm for which plaintiff had no adequate remedy at law). Plaintiff will suffer immediate and irreparable injury, loss, and damage if a preliminary injunction is not issued. (Declaration of Pengfei Xia, ¶ 11).

### H. **The Balance of Harms and the Public Interest Favor Entry of a Preliminary Injunction**

The Court is to consider the harm Defendants will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. *TY, Inc. v. The Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001)*. As likely willful infringers, Defendants are entitled to little equitable consideration. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Krause Int'l Inc. v. Reed Elsevier, Inc.*, 866 F. Supp. 585, 587-

88 (D.D.C. 1994). "One who adopts the mark of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed*, 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). Therefore, the balance of harms "cannot favor a defendant whose injury results from the knowing infringement of the plaintiff's trademark." *Malarkey-Taylor Assocs., Inc. v. Cellular Telecomms. Indus. Ass'n*, 929 F. Supp. 473, 478 (D.D.C. 1996).

Defendants conceded that they have profited from the sale of counterfeit products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Defendants are operating their e-commerce store with Plaintiff's approval or endorsement. Thus, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. As such, equity requires that Defendants be ordered to cease their infringing conduct.

## IV. CONCLUSION

"A federally registered trademark … is entitled to 'a strong presumption of validity.'" *Specialized Seating*, 472 F.Supp.2d at 999.

A single declaration fraught with contradictions and made by a declarant who cheated the Court's TRO two weeks cannot rebut the "strong presumption of validity" of Plaintiff's registered trademark. The Court should deny the motion to dissolve the TRO and enter a preliminary injunction against both Defendants.

Dated: October 8, 2026

/s/Zheng Liu
Zheng "Andy" Liu (CBN 297327)
**Aptum Law**
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*