**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:26-cv-10328<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Laura K. McNally |

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS <u>OPPOSITION TO MOTION TO DISSOLVE TRO</u>**

Pursuant to Federal Rule of Evidence 201, Plaintiff Xuchang Yinren Technology Co., Ltd. ("Plaintiff") respectfully requests that the Court take judicial notice of the following documents in support of Plaintiff's Opposition to Motion to Dissolve TRO, filed concurrently herewith. True and correct copies of Exhibits A through D are attached hereto:

| Exhibit | Description |
|---|---|
| A | Enterprise Credit Information Publicity Report for Weihai Senlian Trading Co., Ltd., Unified Social Credit Code 91371002344538568A, generated from the National Enterprise Credit Information Publicity System of the People's Republic of China, www.gsxt.gov.cn, with a stated report generation time of October 8, 2026, 13:53:48 China Standard Time (October 7, 2026, 10:53:48 p.m. Pacific Daylight Time) (Chinese-language original, with certified English translation) |
| B | Statements of Information (Corporation) for Union Smulf Inc., California Secretary of State Entity No. 4301512, filed with the California Secretary of State on November 18, 2025 (File No. BA20252245394) and August 20, 2026 (File No. BA20261648634) |
| C | Exhibit 1 to trademark board filing, filed by Defendant Sunny Beauty before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office, consisting of a printout, dated July 10, 2026, of the Amazon.com product page for ASIN B01IAYIJCI |
| D | Petitioner's Amended Petition for Cancellation, dated September 2, 2026, filed by Weihai Senlian Trading Co., Ltd. against Plaintiff's SUNNY HAIR registration (U.S. Reg. No. 8311515) in *Weihai Senlian Trading Co., Ltd v. Xuchang Yinren Technology Co., Ltd.*, Cancellation No. 92092253, before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (exhibits thereto omitted) |

## I. THE REGISTRATION REPORT (EXHIBIT A)

Exhibit A is the official enterprise credit information report (the "Registration Report") for Weihai Senlian Trading Co., Ltd. ("Weihai Senlian Trading"), generated from the National Enterprise Credit Information Publicity System ("NECIPS"), the enterprise registration and credit information system maintained by the government of the People's Republic of China ("PRC") at www.gsxt.gov.cn. Under the heading

"Information Publicized by Government Departments," the Registration Report reflects the following registration information for Weihai Senlian Trading. Ex. A at 2, 4.

| **Field** | **Registration Information (per Ex. A)** |
| --- | --- |
| Unified Social Credit Code | 91371002344538568A |
| Enterprise Name | Weihai Senlian Trading Co., Ltd. |
| Type | Limited Liability Company |
| Legal Representative | Cui Yuanyuan |
| Registered Capital | 30.000000 × 10,000 [i.e., 300,000] (no currency unit stated) |
| Date of Establishment | June 05, 2015 |
| Business Term From | June 05, 2015 |
| Business Term To | [Blank in original] |
| Registration Authority | Market Supervision and Administration Bureau of Huancui District, Weihai City |
| Date of Approval | August 27, 2024 |
| Registration Status | Enterprise in Operation (Open for Business) |
| Domicile | Room -3-4-406, Shichang Avenue, Huancui District, Weihai City, Shandong Province |
| Business Scope | Wholesale and retail of tires, rubber products, lubricating oil, lubricating grease, auto parts, automobile maintenance equipment, beauty and hairdressing supplies, and fishing tackle; import and export of goods and technology within the scope of record-filing; vehicle repair. (For projects that require approval in accordance with law, business activities may be carried out only after approval by the relevant departments.) |

Defendants have placed the identity of this entity squarely at issue. In support of their motion to dissolve the TRO, Defendant Sunny Beauty asserts that it is the business alias of "Weihai Senlian Trading Co., Ltd." The Registration Report bears directly on that assertion and on Defendants' inconsistent accounts of the corporate entities behind them, as discussed in Section III.A of the Opposition.

## II. THE UNION SMULF STATEMENTS OF INFORMATION (EXHIBIT B)

Exhibit B consists of two Statements of Information filed with the California Secretary of State by Defendant Union Smulf Inc. ("Union Smulf"), California Secretary of State Entity No. 4301512: one filed on November 18, 2025 (File No. BA20252245394), and one filed on August 20, 2026 (File No. BA20261648634) (together, the "Statements of Information"). Both Statements of Information state that Union Smulf was formed in California; that its principal office, mailing address, and California office are located at 4570 Eucalyptus Ave #E, Chino, California 91710; that Zhonghua Han is its Chief Executive Officer, Secretary, sole director, and agent for service of process; that Na Li is its Chief Financial Officer; and that its type of business is "Trading, Warehousing, Logistic." Ex. B. Each Statement of Information was electronically signed by Zhonghua Han, who affirmed "that the information herein is true and correct." *Id.*

Defendant Sunny Beauty has represented that Union Smulf is the same entity as "Weihai senlian international trade co., ltd." The Statements of Information—Union

Smulf's own filings with the California Secretary of State—bear directly on that representation, as discussed in Section III.A of the Opposition.

## III. DEFENDANT SUNNY BEAUTY'S TRADEMARK BOARD FILING (EXHIBIT C)

Exhibit C is Exhibit 1 to trademark board filing, which Defendant Sunny Beauty filed before the Trademark Trial and Appeal Board (the "Board") of the United States Patent and Trademark Office (the "Board Filing"). The Board Filing is a printout, dated July 10, 2026, of the Amazon.com product page for a "Sunny Hair Clip in Hair Extensions" product, ASIN B01IAYIJCI, which identifies "Sunny Hair" as the brand and "Sunny Beauty" as the seller. Ex. C at 2. In the highlighted "Product details" section, the page identifies the manufacturer as "Weihai senlian interational [*sic*] trade co.,ltd." *Id.* at 9. ASIN B01IAYIJCI is among the ASINs restrained by the Court's TRO. [Dkt. 20.]

The Board Filing bears on Defendants' shifting accounts of the entity behind the Sunny Beauty storefront. Before the Board, Sunny Beauty submitted a listing that identifies "Weihai senlian interational trade co.,ltd" as the manufacturer of its SUNNY HAIR products; before this Court, Sunny Beauty claims to be the business alias of a differently named entity, Weihai Senlian Trading Co., Ltd. *See* Opposition § III.A.

## IV. WEIHAI SENLIAN TRADING'S AMENDED PETITION FOR CANCELLATION (EXHIBIT D)

Exhibit D is the Amended Petition for Cancellation, dated September 2, 2026, that Weihai Senlian Trading—the entity of which Defendant Sunny Beauty claims to be a

business alias—filed against Plaintiff's SUNNY HAIR registration (U.S. Reg. No. 8311515) in *Weihai Senlian Trading Co., Ltd v. Xuchang Yinren Technology Co., Ltd.*, Cancellation No. 92092253, before the Board (the "Amended Petition"). In the Amended Petition, Weihai Senlian Trading represents to the Board, among other things, that: (1) it "is an established wigs and hair-extensions company that has continuously sold products bearing the mark SUNNY HAIR in United States commerce, including via Amazon.com, since at least 2016," Ex. D ¶ 2; (2) it has operated, "since at least 2023," its "official website at sunnyextensions.com featuring the SUNNY HAIR mark," *id.* ¶ 9(e); (3) its Amazon seller account is registered under the nickname "Sunny Hair Beauty," operates a storefront "publicly displayed under the name 'Sunny Beauty,'" and "is owned and operated by Petitioner," *id.* ¶ 12; and (4) the "Manufacturer" field for certain of its Amazon listings "previously displayed an informal English-language rendering of Petitioner's corporate name ('Weihai senlian international trade co., ltd') rather than Petitioner's formally registered corporate name," which it "has since corrected" to display "Weihai Senlian Trading Co., Ltd.," *id.*

The Amended Petition bears directly on Defendants' inconsistent accounts of the entities behind them. Before the Board, Weihai Senlian Trading describes itself as an "established wigs and hair-extensions company," Ex. D ¶ 2, while its government registration lists a business scope consisting principally of tires, rubber products, lubricants, auto parts, and automobile maintenance equipment, Ex. A at 2, 4. And

before the Board, Weihai Senlian Trading claims sunnyextensions.com as its own "official website," Ex. D ¶ 9(e), while before this Court Defendants maintain that Union Smulf independently operates that website. *See* Opposition § III.A.

## V. THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS A THROUGH D

A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2), and it may do so "at any stage of the proceeding." Fed. R. Evid. 201(d).

Courts "may take judicial notice of matters of public record," including information that government agencies publish on their official websites. *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information on the FDIC's official website); *see also Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (holding that the district court abused its discretion in withdrawing judicial notice of information drawn from an official government website); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–82 (7th Cir. 1997) (discussing judicial notice of matters of public record whose accuracy is not subject to reasonable dispute).

**A. The Registration Report (Exhibit A)**

The Registration Report readily satisfies this standard. NECIPS is the PRC's official, government-operated enterprise information system, administered by the State Administration for Market Regulation. PRC law requires market regulation authorities to publicize through NECIPS the enterprise registration and filing information they generate in performing their duties. *See* Qiye Xinxi Gongshi Zanxing Tiaoli [Interim Regulations on Enterprise Information Publicity] art. 6 (promulgated by the State Council Aug. 7, 2014, effective Oct. 1, 2014; amended by State Council Order No. 777, Mar. 10, 2024, effective May 1, 2024). The Registration Report reproduces that publicly recorded information—including the company's unified social credit code, legal representative, registration authority, registration status, domicile, and registered business scope—as publicized by the registering authority, the Market Supervision and Administration Bureau of Huancui District, Weihai City. Ex. A at 2, 4. These are the same kind of official agency records that the Seventh Circuit found appropriate for judicial notice in *Laborers' Pension Fund* and *Denius*, and nothing in Rule 201 limits judicial notice to the records of domestic agencies.

Nor can Defendants reasonably dispute the accuracy of the Registration Report. It is Defendant Sunny Beauty that has invoked Weihai Senlian Trading's identity in this proceeding. And the Registration Report's standard notation that its contents are "for reference only" and that the NECIPS query page "shall prevail" does not suggest

otherwise; it simply identifies the live government database as the authoritative source, against which the report can be readily verified. Ex. A at 2, 4.

Plaintiff requests judicial notice of the existence and contents of the Registration Report—that is, that the PRC government has publicly recorded the registration information set forth above for Weihai Senlian Trading. Because the Registration Report is in Chinese, Exhibit A also includes a certified English translation, supported by the Declaration of Oscar Lam, which attests to the translation's accuracy.

**B. The Union Smulf Statements of Information (Exhibit B)**

The Statements of Information are likewise proper subjects of judicial notice. They are public filings maintained by the California Secretary of State, the state agency responsible for business-entity records, and each bears the Secretary of State's file number, filing date, and "Received by California Secretary of State" stamp. Ex. B. Such official agency records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Laborers' Pension Fund*, 298 F.3d at 607; *Denius*, 330 F.3d at 926. Plaintiff requests judicial notice of the existence and contents of the Statements of Information—that is, that Union Smulf has reported to the California Secretary of State the corporate information set forth above.

**C. Defendant Sunny Beauty's Trademark Board Filing (Exhibit C)**

The Court may also take judicial notice of the Board Filing. "[I]t is a well-settled principle that the decision of another court or agency, including the decision of an

administrative law judge, is a proper subject of judicial notice." *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996). Likewise, a court may take judicial notice of a document filed in another proceeding "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Id.* (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)). The Board Filing is part of the public record of a proceeding before the United States Patent and Trademark Office.

Plaintiff does not ask the Court to accept the truth of the Board Filing's contents. Plaintiff asks the Court to notice that Defendant Sunny Beauty submitted the Board Filing to the Board and what it contains—facts that cannot reasonably be disputed and that bear on Defendants' inconsistent representations about their corporate identities. In any event, the Board Filing is Defendant Sunny Beauty's own submission, and it may be offered against Sunny Beauty as a statement of a party opponent. *See* Fed. R. Evid. 801(d)(2)(A)–(B).

**D. Weihai Senlian Trading's Amended Petition for Cancellation (Exhibit D)**

The Amended Petition is subject to judicial notice for the same reasons as the Board Filing. It is a filing in a proceeding before the Board and part of the public record of Cancellation No. 92092253, and Plaintiff offers it not for the truth of its allegations but to establish what Weihai Senlian Trading represented to the Board. *See Opoka*, 94 F.3d at 394. Moreover, because Defendant Sunny Beauty claims to be a business alias of Weihai

Senlian Trading, the Amended Petition's representations may also be offered against Defendants as statements of a party opponent. *See* Fed. R. Evid. 801(d)(2).

### E. Alternatively, the Court May Consider Exhibits A Through D at the Preliminary-Injunction Stage

Finally, even apart from judicial notice, the Court may consider Exhibits A through D in ruling on the pending motions, because evidence that may not be admissible at trial can be considered in preliminary-injunction proceedings. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) (affidavits, though "ordinarily inadmissible at trials," are "fully admissible in summary proceedings, including preliminary-injunction proceedings").

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court take judicial notice of the existence and contents of Exhibits A through D, including (1) the fact that NECIPS publicly records the registration information for Weihai Senlian Trading Co., Ltd. set forth in Exhibit A; (2) the fact that Union Smulf Inc. filed the Statements of Information in Exhibit B with the California Secretary of State; (3) the fact that Defendant Sunny Beauty submitted the Board Filing in Exhibit C to the Trademark Trial and Appeal Board; and (4) the fact that Weihai Senlian Trading Co., Ltd. filed the Amended Petition for Cancellation in Exhibit D, containing the representations described above, in Cancellation No. 92092253.

Dated: October 8, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA Bar No. 279327)
***Aptum Law***
1660 S. Amphlett Blvd., Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2026, I electronically filed the foregoing Plaintiff's Request for Judicial Notice, together with Exhibits A through D, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Zheng Liu
Zheng "Andy" Liu