# EXHIBIT D

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD**

| | |
|---|---|
| Weihai Senlian Trading Co., Ltd,<br><br>Petitioner,<br><br>v.<br><br>Xuchang Yinren Technology Co., Ltd.,<br><br>Registrant. | Cancellation No.: 92092253<br><br>Mark: SUNNY HAIR<br><br>Registration No.: 8311515<br><br>Registered: Jun. 23, 2026 |

**PETITIONER'S AMENDED PETITION FOR CANCELLATION**

Petitioner Weihai Senlian Trading Co., Ltd ("Petitioner") submits this Amended Petition for Cancellation as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B) and TBMP § 507.02, made applicable to this proceeding by 37 C.F.R. § 2.115, filed within twenty-one (21) days of service of Registrant's Partial Motion to Dismiss Under Rule 12(b)(6) and Motion to Strike ("Motion to Dismiss"). This Amended Petition is filed as a matter of course and is not accompanied by a motion for leave to amend. This Amended Petition supersedes the original Petition for Cancellation in its entirety and moots the Motion to Dismiss. Petitioner believes that it is, and will continue to be, damaged by the existing registration of the SUNNY HAIR standard character mark (U.S. Registration No. 8311515) ("Registrant's Mark"), and hereby petitions for cancellation pursuant to 15 U.S.C. § 1064. As grounds for this Amended Petition for Cancellation, Petitioner respectfully submits:

1. Petitioner, Weihai Senlian Trading Co., Ltd ("Petitioner"), is a limited company of China, having an address at Room 406, 3-4 Shichang Avenue, Huancui District, Weihai City, Shandong Province, China 264200.
2. Petitioner is an established wigs and hair-extensions company that has continuously sold products bearing the mark SUNNY HAIR in United States commerce, including via Amazon.com, since at least 2016.

3. Upon information and belief, Registrant, XUCHANG YINREN TECHNOLOGY CO., LTD., is a China limited company with an address at NO. 4, WEST OF BUILDING 2, EAST OF BUILDING 3, XINTIANDILIDUYUAN, WENCUI STREET, WEIDU DISTRICT, XUCHANG CITY, HENAN PROVINCE, CHINA 461000.
4. Registrant owns U.S. Trademark Registration No. 8311515, filed on October 30, 2025 with a claimed first use date of August 18, 2025, for the standard character mark SUNNY HAIR (Serial No. 99470238), for use with "Hair extensions; Wigs; False hair; Hair pieces; Hair pieces and wigs; Hair weaves; Human braiding hair" ("Registrant's Goods").
5. Petitioner owns U.S. Trademark Registration No. 5544653 ("the '653 Registration"), for which the application was filed on January 8, 2018, and which registered on August 21, 2018 based on a claimed first use date of July 18, 2017. The '653 Registration is for the mark VE SUNNY in connection with, inter alia, false hair; hair extensions; human braiding hair; toupees; wigs; and wigs, hairpieces, and add-in and add-on hair accessories constructed primarily of synthetic and/or human hair, in International Class 026. Each of these dates predates both Registrant's filing date of October 30, 2025 and Registrant's claimed first use date of August 18, 2025.
6. Registrant's mark SUNNY HAIR is identical to Petitioner's prior common law mark SUNNY HAIR and confusingly similar to Petitioner's prior registered mark VE SUNNY.
7. For the reasons set forth below, the Registration should be cancelled.

**Count One**
**Prior Use and Likelihood of Confusion**

8. Paragraphs 1–7, above, are re-alleged and incorporated herein by reference as if set forth in full herein.
9. Petitioner's continuous use of the designation SUNNY HAIR in United States commerce as a source-identifying trademark for hair extensions and related goods is independently corroborated across multiple product listings created by Petitioner at different points over nearly a decade, among other listings, including:

1) ASIN B01IAYIJCI, reflecting Amazon.com's own system-generated "Date Created" record of November 3, 2016, and independently corroborated by third-party e-commerce analytics records showing the listing has been continuously active since on or about July 11, 2016; and 2) ASIN B01HCFC77Y, reflecting Amazon.com's own system-generated "Date Created" record of June 24, 2016. See Exhibit 1. Across these and other listings, Petitioner's use of SUNNY HAIR includes, without limitation:

(a).Use of "Sunny Hair" as the "Brand" of record for each of these listings as displayed on the respective Amazon.com product listing pages;

(b).Use of "Sunny Hair" as the name of Petitioner's Amazon storefront, accessible via the "Visit the Sunny Hair Store" link appearing on each of these product listing pages;

(c).Use of "Sunny Hair" as the leading, first-positioned term in the product listing titles for each of these listings on Amazon.com, preceding non-source-identifying descriptive and search-optimization wording such as product length, weight, and color descriptors;

(d).Prominent display of the stylized SUNNY HAIR mark directly on Petitioner's product packaging as received by consumers, independently documented by, among other things, an unsolicited customer photograph posted to Petitioner's Amazon product listing depicting the SUNNY HAIR mark on the product packaging;

(e).Continuous operation, since at least 2023, of Petitioner's official website at sunnyextensions.com featuring the SUNNY HAIR mark, which independently corroborates the continuity of Petitioner's use of the mark in more recent years.

10. Since at least 2015, Petitioner has used the SUNNY HAIR mark on Facebook to promote its hair extensions and wig products. In addition, Petitioner has promoted and marketed its SUNNY HAIR-branded products across multiple other social media platforms, including TikTok, Instagram, YouTube, and Pinterest.

11. Petitioner's supplemental Amazon order history was obtained through Amazon's official Archived Order Reports function, which, per Amazon's own platform documentation, is the mechanism through which orders older than two years may be retrieved, and which generates order data one calendar month at a time upon request. Using this function, Petitioner obtained monthly order reports, on a store-wide basis from Petitioner's Amazon seller account, for numerous months spanning from 2016 to 2024, and filtered the resulting records by the product-name identifier "Sunny Hair," further corroborating continuous sales of SUNNY HAIR-branded products across Petitioner's Amazon listings in United States commerce throughout that period. A representative excerpt of this order history, reflecting sales recorded in November 2016, is attached as Exhibit 2. By contrast, Amazon's "Manage Orders" interface retains and displays only the preceding two years of order records for a given listing; a representative excerpt reflecting order records for ASIN B01IAYIJCI in October 2024 is attached as Exhibit 3.
12. Petitioner's Amazon seller account is registered under the account nickname “Sunny Hair Beauty” as displayed on Petitioner's Seller Central dashboard, and operates a customer-facing storefront publicly displayed under the name “Sunny Beauty” (see, e.g., the “Sold by: Sunny Beauty” designation appearing on Petitioner's product listing pages). Both designations refer to the same Amazon seller account, which is owned and operated by Petitioner, as independently corroborated by Petitioner's official Chinese business registration records, third-party corporate database records, and Amazon's own seller verification records, all reflecting the same unified social credit code for Petitioner. See Exhibit 4. The “Manufacturer” field for certain of Petitioner's Amazon listings previously displayed an informal English-language rendering of Petitioner's corporate name (“Weihai senlian international trade co., ltd”) rather than Petitioner's formally registered corporate name; this was not a reference to any different or unrelated entity, and Petitioner has since corrected this field to display its formal name, Weihai Senlian Trading Co., Ltd.

13. SUNNY HAIR and VE SUNNY are sister sub-brands, both operated under Petitioner's Amazon storefront "Sunny Beauty." Both brands are separately and officially listed in Petitioner's Amazon Brand Registry portfolio, each independently verified through Amazon's brand-enrollment process and each generating substantial, independently tracked sales. This platform-level recognition confirms that SUNNY HAIR functions, and is independently recognized, as a distinct source identifier in its own right. The coexistence of marketing content referencing both sister brands within a single product listing's description, including the SUNNY HAIR-branded listing at issue in this proceeding, reflects Petitioner's shared marketing practices across its sister brands under the same storefront, rather than any indication that SUNNY HAIR lacks independent source-identifying significance. See Exhibit 5.
14. The term “VE” in Petitioner's VE SUNNY brand was adopted to connote vitality and energy, consistent with Petitioner's positioning of that product line, while both SUNNY HAIR and VE SUNNY share and carry forward the common, positive brand association of the term SUNNY across Petitioner's product offerings.
15. Registrant's mark SUNNY HAIR is identical to Petitioner's previously used SUNNY HAIR designation in appearance, sound, meaning, and commercial impression, creating a strong likelihood of confusion.
16. The goods are identical or highly similar. Both parties' goods fall within International Class 026 and include identical goods, including hair extensions and false hair. Consumers would expect these goods to emanate from the same source when sold under identical marks.
17. SUNNY HAIR functions as, and has been recognized by the Office as, an inherently distinctive designation for hair extensions and related goods. Registrant's own Registration No. 8311515 issued on the Principal Register for the identical designation, for identical goods, without any claim or reliance on acquired distinctiveness under Section 2(f) of the Trademark Act, 15 U.S.C. § 1052(f); the Office required only a disclaimer of the descriptive term HAIR, which does not affect SUNNY HAIR's function, considered as a whole, as a mark distinguishing the source of the goods.

18. Petitioner has continuously marketed and sold goods bearing the SUNNY HAIR mark in the United States for nearly ten years, demonstrating the mark's longstanding commercial use and the association of that designation with Petitioner as a source of hair extension and related false hair products.
19. The similarity of the marks, combined with the relatedness of the goods, gives rise to a strong likelihood that consumers encountering Registrant's Mark will mistakenly believe that Registrant's goods originate from, are sponsored by, or are otherwise affiliated or connected with Petitioner.
20. The marks at issue are identical in sound, appearance, meaning, and overall commercial impression. The goods offered under Registrant's Mark are identical to the goods offered under Petitioner's SUNNY HAIR mark, including hair extensions and false hair, and are marketed through the same trade channels to the same class of ordinary consumers. Given this identity of marks and goods, confusion as to source is not merely likely but presumed. Registrant's Mark was therefore registered in violation of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), and Registration No. 8311515 is subject to cancellation.

**Count Two**
**Priority and Likelihood of Confusion**

21. Paragraphs 1–7, above, are re-alleged and incorporated herein by reference as if set forth in full herein.
22. Registrant's mark SUNNY HAIR is highly similar to Petitioner's registered mark VE SUNNY in appearance, sound, meaning, and commercial impression, creating a strong likelihood of confusion, as follows:

| | **Registrant's Mark** | **Petitioner's Mark** |
|---|---|---|
| Name of Mark | SUNNY HAIR | VE SUNNY |
| Registration No. | 8311515 | 5544653 |
| Goods | Hair extensions; Wigs; False hair; Hair pieces; Hair pieces and | [ False beards; ] False hair; [ False moustaches; ] Hair extensions; Hair |

| | | |
|---|---|---|
| | wigs; Hair weaves; Human braiding hair | slides; Human braiding hair; Snoods; Toupees; Wigs; Wigs, hairpieces, and add-in and add-on hair accessories constructed primarily of synthetic and/or human hair |

23. Petitioner's prior mark and Registrant's mark share an identical dominant element, namely the term SUNNY. The additional term HAIR in Registrant's mark is descriptive of the goods and is entitled to less weight in the comparison of the marks, though the mark must still be considered as a whole. Under the first DuPont factor, the marks share the same dominant element, SUNNY. Under the second DuPont factor, the goods are identical or closely related in nature, trade channels, and consumer base. These factors strongly support a finding of a likelihood of confusion.

24. Registrant's mark was registered in violation of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), as it is likely to cause confusion, mistake, or deception as to the source of the goods.

WHEREFORE, Petitioner respectfully prays that this Amended Petition be sustained, and that Registration No. 8311515 be cancelled.

Date: September 2, 2026

Respectfully submitted,

By: / Kenneth Michael Cochran /

Kenneth Michael Cochran
PO BOX 391064
Mountain View, CA 94039
Telephone: (650) 220-4960
Email: kenneth@qsiplegal.com
tmdocketing@qsiplegal.com
Attorney for Petitioner