**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:26-cv-10328<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Laura K. McNally** |

**DECLARATION OF PENGFEI XIA**

I, Pengfei Xia, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am currently employed as the General Manager of Xuchang Yinren Technology Co., Ltd. ("Plaintiff") of Xuchang, Henan Province, China, where I have worked since July 2025. I am knowledgeable about or have access to business records concerning all aspects of the brand protection operation of Plaintiff, including, but not limited to, its trademarks, other intellectual property, sales, on-line sales, advertising,

marketing, media coverage, and associated international operations. I make this declaration from matters within my own knowledge save where otherwise stated.

3. Plaintiff is a worldwide leader in the business of designing, manufacturing, marketing, and selling hair extensions, wigs, hair pieces, and braiding hair.

4. Plaintiff also uses Plaintiff's registered trademark SUNNY HAIR, U.S. Registration No. 8,311,515 (the "SUNNY HAIR Trademark") on and in connection with the creation and distribution of a large variety of products, including, but not limited to, hair extensions, wigs, false hair, hair pieces, hair weaves, and human braiding hair (collectively, the "SUNNY HAIR Products"). Plaintiff has used the SUNNY HAIR Trademark continuously in United States commerce since at least as early as August 18, 2025.

5. Additionally, Plaintiff markets and sells the SUNNY HAIR Products to consumers in the United States and Illinois through its Amazon storefront, which is Plaintiff's primary source of sales to consumers in the United States, and through its online store located at https://sunny-hair.com/ (the "Sunny Hair Online Store").

6. Plaintiff's SUNNY HAIR family of products has achieved substantial commercial success. Worldwide retail sales now exceed 36,371 units per year with estimated retail sales exceeding US$1,900,000.00 per year worldwide. The Sunny Hair Online Store has earned consistently high ratings and favorable feedback from its

customers, and customers regularly praise the SUNNY HAIR Products for their quality, natural look and feel, ease of use, and value.

7. In Illinois alone, $200,000.00 worth of Plaintiff's SUNNY HAIR family of products have been sold to Illinois residents through Plaintiff's Amazon storefront and the Sunny Hair Online Store.

8. The SUNNY HAIR Trademark signifies to purchasers that the SUNNY HAIR Products come from Plaintiff and are manufactured to Plaintiff's quality standards. Plaintiff has built substantial goodwill and an associated reputation with the SUNNY HAIR Trademark among consumers. The goodwill associated with the SUNNY HAIR Trademark is of incalculable and inestimable value to Plaintiff.

9. Ms. Cui has twice evaded the Court's restraining order. Each time, to continue selling the same products restrained by this Court, Ms. Cui either sells the same the same restrained products under different ASINs or opens new Tiktok stores and websites.

10. For example, immediately after this Court issued the first TRO on September 9, 2026 TRO, Ms. Cui created additional 21 ASINs to evade the Court's TRO. For another example, after the Court's September 30, 2026 Amended TRO, Ms. Cui used three Tiktok stores located at https://www.tiktok.com/t/ZP9D8W1uYLVGY-Vhim7/, https://www.tiktok.com/t/ZT9D8nmg6xLcb-eQk45/, and https://www.tiktok.com/t/ZP9D8W2pBe7H6-IGZCZ/ as well as two additional newly-

created websites (https://sunnyhairpro.com/ and https://www.sunnyhairtop.com/) to purportedly advertise a different brand (Ve Sunny).

11. On October 11, 2026, I purchased two products from Defendant's Tiktok storefront (under the "Ve Sunny" alias) at:

- https://www.tiktok.com/t/ZP9D8W1uYLVGY-Vhim7/
- https://www.tiktok.com/t/ZT9D8nmg6xLcb-eQk45/

12. Defendant's Tiktok storefront and Amazon storefront share the same business address at Shichang Avenue 3-4-406, Weihai, Shandong, China as shown below. Upon information and belief, they are operated by the same company, Weihai Senlian Trading Co. Ltd.




Defendant's business address as shown in its Tiktok seller page

**Detailed Seller Information**

**Business Name:** Weihai Senlian Trading Co., Ltd
**Business Address:**
环翠区
世昌大道-3-4-406室
威海市
山东
264200
CN

Defendant's business address as shown in its Amazon seller page

13. Defendants have applied the same infringing mark into its products. Attached hereto as **Exhibit A** are true and correct copies of products shipped and sold by Defendant's tiktok shop applying the infringing mark on its product.

14. Attached hereto as **Exhibit B** are true and correct copies of screenshots of Defendant's two additional newly-created websites at https://sunnyhairpro.com/ and https://www.sunnyhairtop.com/.

15. Test buys revealed that Ms. Cui continues selling the restrained Sunny Hair products using these newly-created website and links.

16. I have reviewed the Declaration of Wei Liang filed herewith (the "Liang Declaration"). Using Defendants' own sales, expense, and refund figures, corrected only

for the cost of goods sold, Mr. Liang concludes that the Company was operating the affected listings at a loss of approximately $1,341.73 per 30 days. Liang Decl. ¶ 10. During the same 31-day period, the Company's total sales were $1,118,956.63. *Id.* ¶ 7.

17. In other words, Defendants sold more than one million dollars of products in a single 31-day period without earning any profit. Based on my experience as General Manager of Plaintiff and my knowledge of the market for hair products on Amazon, I reasonably believe that Defendants are willing to sell at a loss because they are engaged in predatory pricing: they are selling unauthorized, non-genuine, and cheaper SUNNY HAIR branded products below cost in order to take market share from Plaintiff and, ultimately, to drive Plaintiff out of the market.

18. Selling at a loss today benefits Defendants in the future. On Amazon, a listing's sales volume and customer reviews affect how prominently the listing appears in search results. By offering SUNNY HAIR branded products at prices that Plaintiff cannot match, Defendants divert sales away from Plaintiff's genuine SUNNY HAIR Products, move their own listings ahead of Plaintiff's in search results for "SUNNY HAIR," and build up sales history and customer reviews under the SUNNY HAIR name.

19. Once Plaintiff's sales and reputation have been eroded, and consumers associate the SUNNY HAIR name with Defendants' products rather than Plaintiff's, Defendants can raise their prices and recoup their earlier losses. Defendants' conduct

described in paragraphs 9 through 15 above, creating new ASINs, TikTok stores, and websites to keep selling the restrained products, is consistent with that strategy. A seller that was losing money on these products would have no reason to go to such lengths to keep selling them unless it expected to benefit in the future.

20. Accordingly, the restraints do not deprive Defendants of any legitimate earnings. They prevent Defendants from continuing to sell unauthorized SUNNY HAIR branded products below cost at Plaintiff's expense.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19 day of October 2026.

Pengfei Xia

Pengfei Xia
General Manager of Xuchang Yinren Technology Co., Ltd.