IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD., | ) | Case No. 1:26-cv-10328 |
| Plaintiff, | ) | Honorable Thomas M. Durkin |
| v. | ) | Magistrate Judge Laura K. McNally |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) | |
| Defendants. | ) | |

## SUNNY BEAUTY AND UNION SMULF INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING

The Court should dissolve the TRO immediately as to Sunny Beauty and Union Smulf Inc. because Plaintiff has not posted the $5,000 bond the Court ordered. Defendants maintain their request for dissolution. Dkt. 47 at 8–9. Plaintiff asks the Court to postpone ruling on Defendants' security and asset-restraint motion until an evidentiary hearing. Dkt. 48 at 13–14. That would prolong the restraints without even the security already required. Only if the Court declines immediate dissolution should it reach Defendants' alternative requests to deny that deferral, decide Dkt. 43 promptly, and require security while any restraints remain. In that event, Defendants remain prepared to present testimony at a prompt hearing on unresolved issues. Dkts. 42, 44.

### I. Plaintiff disregarded the conferral requirement and seeks to reopen completed briefing

The Court's Motion Practice Generally procedures require counsel to confer before filing a motion, ascertain the opposing party's position, and attempt to agree on briefing. Plaintiff did none of this. It did not contact defense counsel or ask whether Defendants opposed the motion.

Dkt. 48 contains neither an agreed briefing schedule nor a joint submission identifying the parties' scheduling positions. Plaintiff filed first and left Defendants to respond to a request that directly affects their protection against continuing losses.

Dkt. 44 set an October 19 response deadline and an October 21 reply deadline on Dkt. 43. Plaintiff now submits fourteen additional pages challenging the same loss estimate. Much of Dkt. 48 is a further opposition after that briefing concluded. Recasting those arguments as a hearing request does not justify postponing the security ruling or excusing noncompliance with the existing bond requirement.

## II. Failure to post the ordered bond warrants immediate dissolution

The September 9 TRO required Plaintiff to post $5,000 within seven calendar days. Dkt. 20 at 8–9, ¶¶ 10, 12. As of this filing, Plaintiff has not posted that security. The docket contains no entry reflecting payment. Plaintiff previously attributed the failure to insufficient postage and said it had remailed the payment. Dkt. 46 at 4 n.3; Dkt. 47 at 8. A mailing explanation does not satisfy the Court's order. That failure warrants dissolution now.

Rule 65(c) makes security a condition of preliminary injunctive relief. Fed. R. Civ. P. 65(c); *Mead Johnson & Co. v. Abbott Laboratories*, 209 F.3d 1032, 1033 (7th Cir. 2000). In *Jano Justice Systems, Inc. v. Burton*, the court withdrew a preliminary injunction because the plaintiff failed to post the ordered bond by the deadline. No. 08-cv-3209, Dkt. 93 at 30–31 (C.D. Ill. May 20, 2010). Plaintiff's disputes about Defendants' loss estimate do not excuse its failure to post the security already ordered. The Court can resolve that failure without a hearing on the amount of additional security.

Only if the Court declines immediate dissolution should it reach the alternative security request. Rule 65(c) security protects against wrongful-restraint losses; fixing its amount does not

award damages. *Mead Johnson & Co. v. Abbott Laboratories*, 201 F.3d 883, 888 (7th Cir. 2000), amended on denial of rehearing, 209 F.3d 1032 (7th Cir. 2000). That protection must operate while losses accrue. An increase cannot simply be imposed after an injunction has been reversed and will not be replaced. *Mead Johnson*, 209 F.3d at 1033–34. Deferring the security ruling until dissolution would risk making the requested protection unavailable. Plaintiff should not retain the benefit of the TRO while leaving Defendants without the security the Court ordered.

If the Court gives Plaintiff a further opportunity to comply, it should require actual posting and filed proof by 5:00 p.m. Central Time on the next business day after entry of its order, with dissolution for noncompliance. In *Zhang*, this Court required a $200,000 bond by the next day, provided for dissolution if unpaid, and reserved other dissolution arguments for a later preliminary-injunction hearing. No. 24-cv-12835, Dkt. 46 at 1 (N.D. Ill. Jan. 15, 2025); see Dkt. 43 at 7. The existing bond requirement can be enforced separately from the remaining merits issues.

Plaintiff's hearing authorities do not require deferral of security. Rule 43(c) permits motion evidence by affidavit. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 814 (7th Cir. 2002), affirmed relief without a hearing where the proposed evidence would not affect the decision. If any restraints remain, the Court should enforce the existing bond requirement and assess interim security on the written record. Any material factual disputes requiring testimony can be addressed at a prompt hearing. They do not justify leaving Defendants unprotected in the meantime.

## III. Plaintiff's objections do not justify delaying security

Defendants calculated profits by subtracting product costs and other expenses from sales revenue. Exhibit X, the cost table filed with the reply, explains how the product costs were calculated. It shows the same total already deducted in the original profit estimate. Cui confirmed

the calculation in her declaration. No new sales quantities or purchase prices were introduced. Dkt. 47-1 at 4, ¶¶ 14–15; Dkt. 47-4 at 2, 60; Dkt. 43-22 at 2.

Plaintiff identifies five product codes it could not find in Exhibit F, Defendants' purchase orders and invoices. Dkt. 48 at 5–7. The costs for all five products appear in the cost table and were included in the amount subtracted from sales revenue. Dkt. 47-4 at 2–3, 19; Dkt. 43-22 at 2. Plaintiff identifies no higher purchase price for any of them. In other words, Plaintiff has not shown that those product costs made Defendants' profit estimate too high.

Plaintiff also points to TikTok and website sales. Defendants disclosed the continued TikTok operations and provided the website orders. Dkt. 47-1 at 2, ¶¶ 3–7; Dkt. 47-5 at 2. Plaintiff does not show that those sales made up for the lost Amazon profits or calculate any reduction in the loss estimate. The sunnyhairtop.com printout names a product manufacturer; it does not show that either Defendant operates the website or received money from it. Dkt. 48-4 at 4; Dkt. 47-1 at 3, ¶¶ 8–9. These arguments do not justify delaying security.

**CONCLUSION**

The Court should immediately dissolve the TRO and associated restraints as to Sunny Beauty and Union Smulf Inc. for Plaintiff's failure to post the ordered $5,000 bond. Only if the Court declines dissolution should it deny Dkt. 48's request to defer the security ruling, promptly require the requested $150,000 security, and grant the requested asset-restraint relief. At minimum, it should require posting of the existing $5,000 bond and proof of compliance by the next-business-day deadline stated above. If the Court reserves the final amount for testimony, it should set adequate interim security now, with dissolution upon failure to post. Defendants preserve the remaining grounds in Dkt. 34 for a prompt hearing if restraints continue. Any dissolution order should preserve their rights concerning wrongful-restraint losses and any posted security.

Dated: October 23, 2026
Respectfully submitted,

/s/ Benjamin Solter
Benjamin Solter (CA Bar No. 269388)
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
Direct: (781) 752-6369
bsolter@cbcounselor.com

*Counsel for Weihai Senlian Trading Co., Ltd., doing business as Sunny Beauty, and Union Smulf Inc.*