**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:26-cv-10328<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Laura K. McNally** |

**REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING REGARDING DEFENDANTS' MOTION TO INCREASE BOND AND REDUCE ASSET RESTRAINT**

"It is well established that, in general, a motion for a preliminary injunction should not be resolved on the basis of affidavits alone. Normally, an evidentiary hearing is required to decide credibility issues." *Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981) (*per curiam*).

An evidentiary hearing is required if the nonmoving party raises genuine issues of material fact relating to a motion for an injunction. *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997). The party seeking the evidentiary hearing can

demonstrate the need for evidentiary hearing by showing that it "intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue the injunction." *Id*.

Here, Defendants ask the Court to raise Plaintiff's security thirtyfold on the word of a single declarant, Ms. Yuanyuan Cui. (Dkt. 43 at 1.)—who has been show to have no credibility whatsoever.

For example, Ms. Cui's two declarations are contradicted by her own words, by Defendants' own exhibits, and by public records:

| ***Ms. Cui's sworn statements*** | ***Ms. Cui's own words, Defendants' exhibits, and public records*** |
|---|---|
| "Before August 27, 2024, the shareholders of the Company were Du Tao and me." (Cui Supp. Decl. ¶ 1.) | From June 5 through October 18, 2015, Han Zhonghua held 90% of Defendant Sunny Beauty, and Ms. Cui held 10%. (**Ex. A** at 33 (*National Enterprise Credit Information Publicity System* report for Weihai Senlian Trading Co., Ltd.).) |
| "The restrictions prevent sales of affected products . . . ." (Cui Decl. ¶ 28.) | "Some products currently sold through the shop under the Ve Sunny name still have SUNNY HAIR packaging." (Cui Supp. Decl. ¶ 5.) |

| *Ms. Cui's sworn statements* | *Ms. Cui's own words, Defendants' exhibits, and public records* |
|---|---|
| Exhibit X "accurately reflects the Company's purchase costs." (Cui Supp. Decl. ¶ 15.) | Exhibit X costs 342 units of ASIN B07M88M96X as an 80-gram SKU that Plaintiff has not located in any of Defendants' purchase orders. (Dkt. 43-10 at 2; Dkt. 43-7.) |
| Exhibit S "is a true copy of the Sunny Hair and VeSunny website maintenance screenshot . . . ." (Cui Decl. ¶ 21.) | sunnyextensions.com "was closed in connection with the TRO." (Cui Supp. Decl. ¶ 6.) The site displayed a standard Shopify error page, not a maintenance page. (**Ex. C**.) |
| Exhibit T "confirm[s] updates to identify the Company as the manufacturer of five listed ASINs." (Cui Decl. ¶ 22.) | Defendants' invoices identify the seller of their hair products as Juancheng Qianxi Hair Products Co., Ltd. (Dkt. 43-7 at 2.) |

In addition, Defendants' motion hinges on Ms. Cui's declaration that "[t]he restrictions prevent sales of affected products . . . ." (Cui Decl. ¶ 28.) Ms. Cui's declaring in this regard has been verified to be false.

The reply declaring of Mr. Xia show that, after this Court's two TROs, Defendants continued selling "Sunny Hair" hair extension product under a different brand (Ve Sunny). That is, when a consumer buys a "Ve Sunny" hair extension product from Defendants, Defendants would deliver a "Sunny Hair" hair extension product to the consumer, circumventing the Court's two TROs.

As shown, Defendants' sole declarant Ms. Cui would declare whatever facts and "adopt" whatever loss calculations—that fitted her needs at the time, regardless whether these "facts" and "calculations" are true or not.

Defendants' entire motion to modify bond and asset restrain hinges on the credibility of Ms. Cui, an evidentiary hearing is required for the Court to assessed Ms. Cui's credibility or lack thereof.

Where, as here, the nonmoving party has (A) raised genuine issues of material fact relating to Defendants' motion to modify injunction and (B) shown that it "intends to introduce evidence that if believed will so weaken the moving party's case as to affect the judge's decision on whether to issue the injunction" (*GMA Accessories,* 132 F.3d at 1171), an evidentiary hearing is required.

Dated: October 26, 2026

/s/Zheng Liu
Zheng "Andy" Liu (CBN 279327)
**Aptum Law**
1660 S Amphlett Blvd, Suite 315
San Mateo, CA 94402
Tel: (650)475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Plaintiff*