**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD., | |
| Plaintiff, | Case No. 1:26-cv-10328 |
| v. | Judge Thomas M. Durkin |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Laura K. McNally |
| Defendants. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff and Counter-Defendant Xuchang Yinren Technology Co., Ltd. ("Xuchang"), by its attorneys, moves under Federal Rule of Civil Procedure 6(b)(1)(B) for an extension of its time to respond to the Counterclaims of Defendants Weihai Senlian Trading Co., Ltd., doing business as Sunny Beauty, and Union Smulf Inc. (Dkt. 35). In support, Xuchang states as follows:

1. On October 2, 2026, Defendants filed their Answer, Affirmative and Other Defenses, and Counterclaims. Dkt. 35. Under Rule 12(a)(1)(B), Xuchang's response to the Counterclaims was due October 23, 2026.

2. Xuchang did not respond by that date because a docketing error mis-identified the deadline by one court day. Xuchang identified the missed deadline on

October 26, 2026. Xuchang drafted a partial motion to strike but would need additional time to finalize the motion due to additional facts provided to the undersigned on October 26, 2026.

3. The Court may, for good cause, extend a deadline after it has passed "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable is "at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (footnote omitted); *see Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (explaining that *Pioneer* applies "whenever 'excusable neglect' appears in the federal procedural rules").

4. Those factors favor an extension. The delay is one day. Defendants will suffer no cognizable prejudice from a delay of that length at the pleading stage: no default has been sought, and the delay does not affect the briefing, hearing, or decision of Defendants' motion to dissolve the temporary restraining order (Dkt. 34), Defendants' motion to require posting of adequate security and to limit the asset restraint (Dkt. 43), or Xuchang's motion for an evidentiary hearing (Dkt. 48), and it does not affect any other deadline in this case. Xuchang has acted in good faith.

5. This is Xuchang's first request to extend its deadline to respond to the Counterclaims; there have been no previous extensions of that deadline.

6. Counsel for Xuchang conferred with counsel for Defendants regarding this motion on October 26, 2026. Defendants has not indicated that they would oppose the requested relief.

WHEREFORE, Xuchang respectfully requests that the Court (a) extend Xuchang's time to respond to the Counterclaims for fourteen days.

Dated: October 26, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA Bar No. 279327)
Aptum Law
1660 S. Amphlett Blvd., Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

ATTORNEY FOR PLAINTIFF AND
COUNTER-DEFENDANT