**N THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD., | |
| Plaintiff, | Case No. 1:26-cv-10328 |
| v. | Judge Thomas M. Durkin |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Laura K. McNally |
| Defendants. | |

**PLAINTIFF'S MOTION TO STRIKE THE**
**PRIORITY DECLARATION IN COUNTERCLAIM I**
**AND THE THIRD AFFIRMATIVE DEFENSE**

Plaintiff and Counter-Defendant Xuchang Yinren Technology Co., Ltd. ("Xuchang"), by its attorneys, moves under Federal Rule of Civil Procedure 12(f) to strike, as redundant, the declaration of priority that Defendant Weihai Senlian Trading Co., Ltd., doing business as Sunny Beauty ("Sunny Beauty"), requests in Counterclaim I of Defendants' Answer, Affirmative and Other Defenses, and Counterclaims (Dkt. 35), or, in the alternative, asks the Court to decline to entertain that declaration under 28 U.S.C. § 2201(a). Xuchang also moves under Rule 12(f) to strike Defendants' Third Affirmative Defense, "Limitations on Monetary Relief," as an insufficient defense and as redundant of Defendants' denials. In support, Xuchang states as follows:

1. Xuchang sued Defendants Sunny Beauty and Union Smulf Inc. ("Union Smulf") for trademark infringement and counterfeiting under 15 U.S.C. § 1114 (Count I) and false

designation of origin under 15 U.S.C. § 1125(a) (Count II), based on its United States Trademark Registration No. 8,311,515 for SUNNY HAIR. Dkt. 1 ¶¶ 5, 26–37.

2. Defendants answered. Defendants' First Affirmative Defense asserts that Sunny Beauty holds prior rights in SUNNY HAIR and is entitled to the continuous-prior-use defense of 15 U.S.C. § 1115(b)(5). Dkt. 35 at 22. Sunny Beauty also asserts Counterclaim II, which seeks cancellation of Xuchang's registration principally on the ground that Sunny Beauty used SUNNY HAIR first, and Counterclaim III, which alleges that Xuchang infringes Sunny Beauty's "prior, protectable common-law rights in SUNNY HAIR." *Id.*, Countercl. ¶¶ 30–39.

3. Counterclaim I seeks two declarations: a declaration of noninfringement and no counterfeiting, which both Defendants request, and a declaration of priority, which only Sunny Beauty requests. *Id.* at 23–24; *id.*, Countercl. ¶¶ 26, 29. As to Counterclaim I, this motion addresses only the priority declaration: the words "priority and" in the second sentence of paragraph 26, the first sentence of paragraph 29 ("Sunny Beauty requests a judgment declaring its priority over Xuchang within the scope of Sunny Beauty's established prior rights."), the corresponding language in Prayer for Relief ¶ B, and the conforming references to priority in the caption of Counterclaim I and the introductory clause of the Prayer for Relief, as specified in the proposed order. Xuchang does not ask the Court to strike the noninfringement and no-counterfeiting declarations, in light of this Court's decision in *Square One Ent. Inc. v. Partnerships & Unincorporated Ass'ns Identified in Schedule "A"*, No. 20 C 5685, 2021 WL 1253450 (N.D. Ill. Apr. 5, 2021), Dkt. 104.

4. The priority declaration is redundant. Whether and where Sunny Beauty used SUNNY HAIR before Xuchang is already presented by Sunny Beauty's First Affirmative Defense,

and Counterclaim I itself calls its § 1115(b)(5) theory "[t]his defense," Dkt. 35, Countercl. ¶ 27. Who used SUNNY HAIR first must also be decided for Sunny Beauty to prevail on its own Counterclaim III or on Counterclaim II's principal theory. "The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label." *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985); *see Bao v. MemberSelect Ins. Co.*, No. 21 C 04119, 2022 WL 1211509 (N.D. Ill. Apr. 25, 2022), Dkt. 26 at 11–14 (striking redundant declaratory counterclaim under Rule 12(f)).

5. The concerns that led this Court to retain duplicative counterclaims in *Square One* do not apply to the priority declaration. The counterfeiting accusation is answered by the noninfringement and no-counterfeiting declarations, which remain, and priority does not depend on Xuchang's consent to reach the merits: Counterclaims II and III belong to Sunny Beauty and can remain pending for independent adjudication whatever becomes of Xuchang's claims. *See* Fed. R. Civ. P. 41(a)(2).

6. Striking the priority declaration deprives Defendants of no issue, defense, or available relief: every question it would answer is presented by the First Affirmative Defense and Counterclaims II and III. Sunny Beauty keeps each of them, and both Defendants keep Counterclaim I's noninfringement and no-counterfeiting declarations, which are themselves requested "to the extent of the prior rights and statutory defense established by the evidence." Dkt. 35, Countercl. ¶ 29.

7. Defendants' Third Affirmative Defense, captioned "Limitations on Monetary Relief," is not an affirmative defense. It states that "Defendants deny infringement, counterfeiting, willfulness, and causation of Plaintiff's claimed losses," and Defendants concede that it "does not

shift Plaintiff's burden of proof." Dkt. 35 at 23. The Seventh Circuit has identified two approaches for determining whether a defense not enumerated in Rule 8(c) is an affirmative defense: whether "the defendant bears the burden of proof" and whether the defense does "not controvert the plaintiff's proof." *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (quoting *Brunswick Leasing Corp. v. Wis. Cent., Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998)). The Third Affirmative Defense satisfies neither approach: Defendants disclaim any burden, and the defense only controverts Plaintiff's proof. Moreover, "an affirmative defense cannot merely repeat a defendant's denial of allegations contained in the complaint." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1041 (N.D. Ill. 2014). It is redundant of denials Defendants already made in their Answer. *See, e.g.*, Dkt. 35 at 15–17, 20–21. At a minimum, the defense should be stricken as an affirmative defense. *See CFIT Holding Corp. v. Twin City Fire Ins. Co.*, No. 20 C 3453, 2020 WL 6273489 (N.D. Ill. Oct. 26, 2020), Dkt. 36 at 3.

8. This motion is filed within the time set by the Court's order extending Xuchang's deadlines to respond to the Counterclaims and to move under Rule 12(f) as to the Affirmative and Other Defenses (Dkt. 53) and before Xuchang has responded to the Counterclaims. Fed. R. Civ. P. 12(f)(2). In any event, the Court may strike matter from a pleading on its own. Fed. R. Civ. P. 12(f)(1); *see CFIT*, Dkt. 36 at 1–2 (reaching the merits of an untimely motion to strike because the court may strike material on its own). Under Rule 12(a)(4), Xuchang requests that its answer or other response to the Counterclaims be due fourteen (14) days after the Court rules on this motion.

9. The grounds for this motion are set out more fully in the accompanying Memorandum of Law, which is incorporated by reference.

10. Counsel for Xuchang conferred with counsel for Defendants regarding this motion on October 29, 2026. Defendants oppose the motion. The parties have agreed to the following briefing schedule: Defendants' response due November 19, 2026; Xuchang's reply due December 3, 2026.

WHEREFORE, Plaintiff and Counter-Defendant Xuchang Yinren Technology Co., Ltd. respectfully requests that the Court strike the priority declaration requested in Counterclaim I, as set out in the proposed order, or, in the alternative, decline to entertain that declaration under 28 U.S.C. § 2201(a); strike Defendants' Third Affirmative Defense or, at a minimum, strike it as an affirmative defense; set Xuchang's deadline to answer or otherwise respond to the Counterclaims at fourteen (14) days after the Court's ruling; and grant such further relief as the Court deems just.

Dated: October 29, 20266

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA Bar No. 279327)
Aptum Law
1660 S. Amphlett Blvd., Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

ATTORNEY FOR PLAINTIFF AND
COUNTER-DEFENDANT