IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| XUCHANG YINREN TECHNOLOGY CO., LTD., | ) | |
| | ) | Case No. 1:26-cv-10328 |
| Plaintiff, | ) | |
| | ) | Honorable Thomas M. Durkin |
| v. | ) | |
| | ) | Magistrate Judge Laura K. McNally |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT REGARDING DISCOVERY**

Judge Durkin referred discovery to Judge McNally. The joint report is due November 24, 2026, ahead of the December 1 video conference at 10:00 a.m. Central. ECF Nos. 60, 63. Counsel for Plaintiff and Defendants jointly certify that they conferred in good faith by Microsoft Teams on November 20, 2026, from noon to 12:30 p.m. Central time about the discovery issues and proposed deadlines in this report.

## I. Case status and anticipated motions

Plaintiff alleges infringement, counterfeiting, and false designation of origin in the sale of SUNNY HAIR products. Weihai Senlian Trading Co., Ltd. (Sunny Beauty) and Union Smulf Inc. seek declarations of noninfringement. Sunny Beauty claims prior U.S. rights and seeks cancellation of Plaintiff's registration and relief for infringement. ECF Nos. 1, 35.

Judge Durkin vacated the temporary restraining order (TRO) and asset restraint as to Sunny Beauty and Union Smulf on November 4. ECF No. 59. Defendants expect to

move shortly for bond damages. Plaintiff opposes recovery and anticipates a Rule 11 motion afterward. Plaintiff will not oppose Defendants' request for leave to amend and supplement their answer, defenses, and counterclaims as long as Defendants reciprocate. No discovery motion is pending.

In October, Plaintiff sent both Defendants interrogatories, document requests, and requests for admission. At their Rule 26(f) conference, the parties agreed to treat all three sets as served on November 20, 2026. Defendants' responses and objections are due December 21, 2026.

**II. Fact discovery**

Defendants propose ordinary written discovery and depositions, including under Rule 30(b)(6), on first and continuous U.S. use, store control, the accused listings, likelihood of confusion, sales, and damages. The usual federal discovery limits would apply.

After the Rule 26(f) conference, Defendants intend to subpoena Amazon, Shopify, and TikTok for records of the stores and listings at issue. They would seek account ownership, dated listing histories, sales, infringement complaints, takedown and reinstatement notices, and dates funds were held or released. If party and platform records leave domain ownership unresolved, Defendants may seek historical registration records from the domain registrar. Defendants would give the other parties advance notice and a copy of each subpoena under Rule 45(a)(4).

To assess settlement before depositions, Defendants propose exchanging each side's earliest dated listings and U.S. sales invoices, the relevant takedown and

reinstatement notices, and sales and cost summaries for the affected products. Plaintiff does not believe any takedown notice outside the TRO is relevant.

## III. Electronic discovery, confidentiality, and privilege

Counsel would identify key custodians and preserve relevant email, WeChat messages, website and storefront records, and sales data. They would select date ranges by source and search by mark, store name, product identifier, and Chinese equivalents where appropriate. Production would preserve searchability and include native spreadsheets and usable platform exports.

Defendants propose the district's Model Confidentiality Order (Form LR 26.2) for nonpublic business records and a Fed. R. Evid. 502(d) order with Rule 26(b)(5)(B) clawback procedures. Within 30 days after substantially completing production, each side would log withheld items by date, participants, subject, and protection claimed. The log could omit privileged post-filing communications with trial counsel about this case.

## IV. Proposed deadlines

The Court has not set a merits discovery cutoff. Each side would serve opening reports on liability issues for which it bears the burden of proof. Defendants propose deferring damages-only expert discovery until dispositive motions are resolved or the parties agree none will be filed. Judge Durkin would set any summary judgment deadline.

| **Discovery event** | **Defendants' Proposed Deadlines** | **Plaintiff's Proposed Deadlines** |
|---|---|---|
| Exchange Rule 26(a)(1) initial disclosures | December 11, 2026 | No separate proposal |
| Serve remaining initial written discovery | December 18, 2026 | No separate proposal |
| Respond to October requests (deemed served November 20) | December 21, 2026 | December 21, 2026 |
| Move to amend pleadings or join parties | February 5, 2027 | No separate proposal |
| Serve Rule 26(a)(2)(C) summaries, if any | April 16, 2027 | No separate proposal |
| Complete fact discovery, including nonparty discovery | July 1, 2027 | October 1, 2027 |
| Serve opening expert disclosures and reports | August 2, 2027 | December 2, 2027 |
| Serve rebuttal expert disclosures and reports | September 1, 2027 | January 3, 2028 |
| Complete expert discovery, including depositions | October 1, 2027 | February 1, 2028 |

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu
Aptum Law
1660 S. Amphlett Blvd., Suite 315
San Mateo, CA 94402
(650) 475-6289
Andy.Liu@AptumLaw.us
*Counsel for Plaintiff*

/s/ Benjamin Solter
Benjamin Solter
Cross-Border Counselor LLP
7755 Center Ave., Suite 1100
Huntington Beach, CA 92647
(781) 752-6369
bsolter@cbcounselor.com
*Counsel for Sunny Beauty and Union Smulf Inc.*

/s/ Wesley E. Johnson
Wesley E. Johnson
IL ARDC No. 6225257
Cross-Border Counselor LLP
105 W. Madison St., Suite 2300
Chicago, IL 60602
(312) 752-4828
wjohnson@cbcounselor.com
*Counsel for Sunny Beauty and Union Smulf Inc.*